**SPRINGFIELD TOWNSHIP**

v.

**Charles M. HALDERMAN, Jr. and Leanora Halderman, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 2003.
Decided Jan. 12, 2004.

Herbert K. Sudfeld, Jr., Doylestown, for appellants.

James M. McNamara, Doylestown, for appellee.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Charles M. Halderman, Jr. and Leanora Halderman (together, the Haldermans) appeal from the April 1, 2003, order of the Court of Common Pleas of Bucks County (trial court), denying the Haldermans' exceptions to findings of fact and conclusions of law in the trial court's June 28, 2002, order. Based on those findings and conclusions, the trial court ordered the Haldermans to deed separately surveyed tracts of land back to themselves as a single lot and prohibited the Haldermans from selling either tract without subdivision approval from Springfield Township (Township). We reverse.

On June 23, 1994, the Haldermans, by a single deed, acquired real property consisting of two tracts of land (Tract 3 and Tract 4), each having its own distinct legal description. (R.R. at 12a–14a.) Tract 3 consisted of 3 acres and 58 perches of land, and Tract 4 consisted of 5 acres and 15 perches of land. (R.R. at 12a, 13a.)

On May 22, 2000, without seeking subdivision approval from the Township, the Haldermans deeded Tract 3 and Tract 4 to themselves via two separate deeds. On July 26, 2001, the Township filed a complaint with the trial court pursuant to the Municipalities Planning Code (MPC),[1] alleging an illegal subdivision.

On June 28, 2002, following a non-jury trial, the trial court issued findings of fact and conclusions of law with regard to the division of the property. The trial court found that upon acquisition by the Haldermans, the property was used as a single unit, with the two tracts merged to form one lot. Consequently, the trial court concluded that the Haldermans illegally subdivided their property when they separately deeded themselves land covered by a single deed. The trial court ordered the Haldermans to deed the separately surveyed parcels back to themselves as a single lot of land and prohibited the Haldermans from selling either tract without subdivision approval. The Haldermans filed exceptions to the trial court's findings of fact and conclusions of law, which the trial court denied by order dated April 1, 2003. The Haldermans now appeal from that order.[2]

The Township's Subdivision and Land Development Ordinance (SALDO) defines a subdivision, in relevant part, as:

[t]he division or re-division of a lot, tract or parcel of land by any means into two (2) or more lots, tracts, parcels or other divisions of land including changes in existing lot lines for the purpose, whether immediate or future, of lease, partition by the court for the distribution to heirs or devisees, transfer of ownership or building or lot development. . . .

(SALDO § 202.)[3]

▮ The Haldermans argue that there is no Township ordinance or other legal authority that required them to seek subdivision approval prior to the May 22,

---

1. Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

2. This court's scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Tinicum Township v. Jones*, 723 A.2d 1068 (Pa. Cmwlth.1998).

3. The Township's Zoning Ordinance and SALDO define lot as:

a parcel of land, used or set aside and available for use as the site of one or more buildings and any buildings accessory thereto or for any other purpose, in one ownership and not divided by a street, nor including any land within the ultimate

2000, conveyance because the property at issue has historically and continually been identified as two distinct tracts of land. The Haldermans assert that the trial court erred in determining that these two tracts of land had merged into one tract. Consequently, the Haldermans maintain that they merely re-deeded the two tracts and did not subdivide any property. We agree.

The chain of title for the property at issue establishes that Tract 3 and Tract 4 have historically and continually been considered separate tracts of land.[4] The fact that the two distinct tracts were conveyed in one deed did not alter this fact. Nevertheless, the trial court concluded that both tracts had merged to form one lot or tract and, thus, could not be conveyed without prior subdivision approval. In taking this position, the trial court relied on Article 11 of the Township's Zoning Ordinance, concerning non-conforming lots, and case law regarding the doctrine of merger.

Article 11 of the Township's Zoning Ordinance provides, in relevant part:

> Where two or more adjacent lots, one or more of which is *non-conforming*, are owned by the same owner, and the own-

ership of the lots is concurrent, such lots shall be combined to create conforming lots, or to lessen the nonconformity if it is not possible to create all conforming lots.

(Township Zoning Ordinance § 1101(C); R.R. at 228a) (emphasis added). This provision, in essence, codifies the case law doctrine of merger.

■ The term "merger" is used in zoning law and in the construction of a zoning ordinance to describe the effect of a zoning ordinance on lots held in common ownership and is related to the issue of physical merger of adjoining lots. *Tinicum Township v. Jones*, 723 A.2d 1068 (Pa.Cmwlth. 1998). Historically, the doctrine of merger has been applied to cases where adjacent *non-conforming* lot(s) were brought into common ownership. *Daley v. Zoning Hearing Board of Upper Moreland Township*, 770 A.2d 815 (Pa.Cmwlth.2001); *Tinicum Township*. Indeed, under its plain language, Article 11 of the Township's Zoning Ordinance applies only to adjacent *non-conforming* lot(s) owned concurrently by the same owner.

In this case, the trial court determined that application of the merger doctrine was

---

right-of-way of a public or private street upon which said land abuts, even if the ownership to such right-of-way is in the owner of the lot. In the case where an existing deeded parcel of land is divided into two or more tracts by public streets; for the purposes of this Ordinance, each tract shall be considered a separate lot. (Township Zoning Ordinance § 201, *as amended* by Ordinance No. 99; SALDO § 202.) Tracts 3 and 4 each meet the definition of a lot. Neither the Township's Zoning Ordinance nor its SALDO, nor the MPC, defines the terms "parcel" or "tract."

4. The chain of title shows Tract 3 and Tract 4 in separate deeds as early as 1811 and 1878 respectively. (R.R. at 441a.) In 1901, Clinton B. Jacoby (Jacoby) acquired Tract 4, and in 1925, he acquired Tract 3. (R.R. at 441a.) In 1929, Jacoby conveyed Tracts 3 and 4 in

the same deed for the first time, although each tract retained its own separate legal description. (R.R. at 441a, 471a–75a.) That 1929 deed also contained two other separately described tracts, Tract 1 and Tract 2, which, apparently, are not adjacent to Tracts 3 and 4. (R.R. at 47a–75a; Haldermans' reply brief at 1.) The four tracts were conveyed in 1934, 1944, 1945, and 1966; each time, the tracts were conveyed in a single instrument, but with distinct legal descriptions. (R.R. at 441a, 451a–70a.) In 1992, Tracts 3 and 4 were conveyed in a single deed but, again, with distinct legal descriptions; Tracts 1 and 2 were not included in that deed. (R.R. at 441a, 447a–50a.) In 1994, the Haldermans acquired Tracts 3 and 4 in a single deed, with each tract retaining its distinct legal description. (R.R. at 441a–44a.)

proper, reasoning that Tract 3 was a non-conforming lot because it lacked frontage on a public street. However, the Haldermans argue that the doctrine of merger applies only to lots that are non-conforming *as to size.* They contend that because each tract is at least three acres, as required by the Zoning Ordinance,[5] the trial court erred in applying the merger doctrine here.

Both the Township's Zoning Ordinance and section 107 of the MPC, 53 P.S. 10107, define a non-conforming lot as one that fails to conform to area or dimension requirements.[6] (53 P.S. § 10107; Township Zoning Ordinance § 1100, SALDO § 202.) Thus, because Tracts 3 and 4 are of adequate acreage, they, by definition, are not non-conforming lots.[7] Consequently, neither the doctrine of merger nor Article 11 can serve as the basis to merge the two tracts,[8] and the trial court erred in con-cluding otherwise. Thus, it was improper for the trial court to order the Haldermans to deed Tracts 3 and 4 back to themselves as a single lot and to prohibit them from selling (conveying) either tract without prior subdivision approval.

Accordingly, we reverse the order of the trial court.[9]

### *ORDER*

AND NOW, this 12th day of January, 2004, the order of the Court of Common Pleas of Bucks County (trial court), dated April 1, 2003, which denied Charles M. Halderman, Jr. and Leanora Halderman's exceptions to the trial court's findings of facts and conclusions of law, dated June 28, 2002, is hereby reversed.

---

**5.** The Township does not dispute that the two tracts are conforming with regard to size. Rather, relying on *Township of Middletown v. Middletown Township Zoning Hearing Board,* 120 Pa.Cmwlth. 238, 548 A.2d 1297 (1988), *appeal denied,* 522 Pa. 599, 562 A.2d 322 (1989), the Township maintains that merger does not deal solely with undersized lots. In that case, the landowner applied to the zoning board for a certificate of non-conformance for an undersized lot, as well as a variance from the ordinance's lot size, side-yard and rear-yard requirements. Because those issues all relate to the size, area or dimension of the lot, we disagree with the Township that *Township of Middletown* stands for the proposition that the merger doctrine can be applied in a context other than one regarding the size, area or dimension of a lot.

**6.** Specifically, the Township Zoning Ordinance defines a non-conforming lot as:

[a] lot the area or dimension of which was lawful prior to the adoption or amendment of this zoning ordinance, but which fails to conform to the requirements of the zoning district in which it is located by reasons of such adoption or amendment.

(Township Zoning Ordinance § 1100.) The MPC defines a non-conforming lot similarly, stating,

a lot the area or dimension of which was lawful prior to the adoption or amendment of a zoning ordinance, but which fails to conform to the requirements of the zoning district in which it is located by reasons of such adoption or amendment.

53 P.S. § 10107.

**7.** Because of the specific definition in Article 11, this case is distinguishable from *Appeal of Gregor,* 156 Pa.Cmwlth. 418, 627 A.2d 308 (1993), wherein we applied the merger doctrine to a lot that was non-conforming due to lack of frontage on a public street.

**8.** Additionally, the Haldermans state that combining the two tracts would not result in a conforming lot according to the trial court's reasoning, because neither Tract 3 nor Tract 4 has frontage on a public street.

**9.** Because of our disposition, we need not address the Haldermans' argument that the Township did not sustain its burden of proving that the two tracts merged to form one lot.