**Ralph MOYER and Alfred O. Werner, Appellants**

v.

**Edward A. GUDKNECHT and Bucks County Recorder of Deeds and Bucks County Board of Assessment.**

Commonwealth Court of Pennsylvania.

Argued March 12, 2013.

Decided April 4, 2013.

Edward M. Wild, Doylestown, for appellants.

Terry W. Clemons, Doylestown, for appellee Milford Township.

James J. Musial, Trevose, for appellee Bucks County Board of Assessment.

Joseph W. Pizzo, Trevose, for appellee Bucks County Recorder of Deeds.

BEFORE: PELLEGRINI, President Judge, SIMPSON, Judge (P.), and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

This is an appeal from an order of the Bucks County Court of Common Pleas (trial court) in a mandamus action denying a request to compel the Bucks County Board of Assessment (Board of Assessment) to assign a Parcel Identification Number (PIN) to a portion of an existing property under the Uniform Parcel Identi-

fier Law.[1] We affirm.

The Uniform Parcel Identifier Law authorizes counties to implement by ordinance a uniform parcel identifier system, under which all properties are assigned and identified by a "finite, punctuated sequence of numbers indicating the land parcel or other interest in real estate as shown on the recorded county tax map." Section 2 of the Uniform Parcel Identifier Law, 21 P.S. § 332; *see also* Sections 3 and 4 of the Uniform Parcel Identifier Law, 21 P.S. §§ 333–334. Pursuant to this authorization, Bucks County in 1989 adopted a Uniform Parcel Identifier Ordinance, Ordinance No. 79. (Ordinance No. 79, R.R. at 124a–127a.) Ordinance No. 79 provides that where "the conveyance in the proposed transfer represents a change of size and a description of the real estate" from the properties shown on the County tax map, to obtain a PIN "*the owner shall provide* the Bucks County Board of Assessment with *a metes and bounds description based on a precise survey and a lot number with references to a recorded subdivision plan*, which plan on its face shows metes and bounds prepared by a professional land surveyor as required by the act of May 23, 1945 (P.L. 913, No. 367), known as the Professional Engineers Registration Law." (Ordinance No. 79 § 4(b), R.R. at 125a–126a) (emphasis added). In a county, such as Bucks County, that has adopted a uniform parcel identifier ordinance, a recorder of deeds may refuse to record a deed because it does not have a PIN. Section 1.1 of the Act of April 22, 1929, P.L. 620, 16 P.S. § 9781.1, added by the Act of January 15, 1988, P.L. 8; *Chesapeake Appalachia, LLC v. Golden*, 35 A.3d 1277, 1281 n. 10 (Pa.Cmwlth.2012).

On June 2, 2007, plaintiff Ralph Moyer purchased a property (the Moyer Property) in Milford Township (Township).

(Joint Stipulation of Facts ¶ 1, Reproduced Record (R.R.) at 59a; June 2, 2007 Deed (Moyer Deed), R.R. at 71a–79a.) This property was first transferred as a separate property on April 10, 1956, to Martin A. Shaffer and Carl M. Shaffer. (April 10, 1956 Deed, R.R. at 134a–137a.) The Moyer Property was conveyed as a single property two more times prior to Moyer's purchase, later in 1956 and again in 2006. (October 26, 1956 Deed, R.R. at 128a–130a; July 13, 2006 Deed, R.R. at 131 a–133a.) Each of the deeds of the Moyer Property prior to the 2007 Moyer Deed set forth a description of the boundaries of the Moyer Property with no reference to any lots within the Moyer Property and stated that the overall boundaries were "according to a recent survey and plan dated March 16, 1956, as prepared by Stanley F. Moyer, Registered Engineer and Land Surveyor, Souderton, Pennsylvania." (April 10, 1956 Deed, R.R. at 134a; October 26, 1956 Deed, R.R. at 128a; July 13, 2006 Deed, R.R. at 132a–133a.) The Moyer Property was assigned the PIN 23–010–081. (July 13, 2006 Deed, R.R. at 133a.)

The Moyer Deed recited the same legal description as the three prior deeds, contained the same statement that the overall boundaries were "according to a recent survey and plan dated March 16, 1956, as prepared by Stanley F. Moyer, Registered Engineer and Land Surveyor, Souderton, Pennsylvania," and had the same PIN, 23–010–081. (Moyer Deed, R.R. at 72a–73a, 76a.) However, the Moyer Deed for the first time added the language "AND, being more particularly described as Lots 1 to 4 on said plan prepared by Stanley F. Moyer, bounded and described as follows" and included descriptions of those four lots. (Moyer Deed, R.R. at 74a–75a.) The Moyer Deed was recorded in the Bucks County

---

1. Act of January 15, 1988, P.L. 1, *as amended,* 21 P.S. §§ 331–337.

Recorder of Deeds Office at Deed Book 5429, page 1724. (Joint Stipulation of Facts ¶ 1, R.R. at 59a.)

There is no recorded subdivision plan showing any of the four lots described in the Moyer Deed. (Trial Transcript (N.T.) at 33–34, 36, 52, 82–84, R.R. at 36a, 40a, 48a.) The Township has had an ordinance requiring prior approval and recording of subdivision plans since 1966. (N.T. at 88–90, R.R. at 49a–50a; Township Subdivision Ordinance Art. VII § 700, R.R. at 117a.) Bucks County has had subdivision regulations since 1952 that require prior approval and recording of any subdivision of land into three or more parcels. (N.T. at 99–102, R.R. at 52a–53a; County Subdivision Regulations Art. III §§ 2, 4(C), R.R. at 119a, 122a.)

On August 24, 2007, Moyer sold the portion of the Moyer Property described as Lot 3 in the Moyer Deed (the Parcel) to plaintiff Alfred O. Werner. (Joint Stipulation of Facts ¶ 2, R.R. at 59a; August 24, 2007 Deed (Werner Deed), R.R. at 66a–69a.) Moyer delivered the Werner Deed to the Bucks County Recorder of Deeds (Recorder of Deeds) to be recorded. (Joint Stipulation of Facts ¶ 3, R.R. at 60a.) Moyer also requested by letter that the Board of Assessment assign a separate PIN to each of the four lots described in the Moyer Deed and that it insert the PIN for Lot 3 on the Werner Deed. (Joint Stipulation of Facts ¶ 4, R.R. at 60a; August 24, 2007 Letter from Moyer to Board of Assessment, R.R. at 70a; N.T. at 33–34, R.R. at 36a.)

Moyer provided a drawing dated March 16, 1956, to the Board of Assessment that shows the Moyer Property and the four lots described in the Moyer Deed. (N.T. at 45–46, 64–65, 68–71, 75, R.R. at 39a, 43a–46a; Survey Drawing, R.R. at 123a.) This drawing bears the title "Property Surveyed For Martin A. Shaffer Carl M. Shaf-

fer," but it does not show the name of the preparer or bear a seal and it was never recorded. (Survey Drawing, R.R. at 123a; N.T. at 68, 81–84, R.R. at 44a, 48a.) Moyer also submitted to the Board of Assessment a letter from an attorney stating that the drawing was prepared by Stanley F. Moyer. (Complaint ¶ 10 & Ex. C, R.R. at 9a, 21a; Board of Assessment Answer ¶ 10, R.R. at 26a; N.T. at 71, R.R. at 45a.)

The Board of Assessment refused to assign a separate PIN for any of the separate lots described in the Moyer Deed, including the Parcel, because the lots did not appear on the County tax map and there was no recorded subdivision plan. (N.T. at 28–31, 33–34, 40, 51–57, R.R. at 34a–37a, 40a–42a; Joint Stipulation of Facts ¶ 6, R.R. at 60a.) The Recorder of Deeds refused to record the Werner Deed because the Werner Deed did not contain a PIN. (Joint Stipulation of Facts ¶ 7, R.R. at 60a.) The Recorder of Deeds has no role in the assignment of a PIN. (Joint Stipulation of Facts ¶ 5, R.R. at 60a.)

In April 2008, Moyer and Werner (collectively, Plaintiffs) brought this action against the Recorder of Deeds and the Board of Assessment. In their Complaint, Plaintiffs sought an order directing the Board of Assessment to assign a PIN to the Parcel under the Uniform Parcel Identifier Law and directing the Recorder of Deeds to record the Werner Deed. (Complaint, R.R. at 12a.) On August 9, 2010, the trial court held a one-day nonjury trial of Plaintiffs' claims. The Township appeared and requested permission to intervene at the start of the trial, asserting that it had not learned of Plaintiffs' action until just before the trial, when defendants requested information from it concerning a Township ordinance. Plaintiffs objected to allowing the Township to intervene. The trial court permitted the Township to intervene and participate in the trial, but did

not permit it to delay the trial and made clear that Plaintiffs would have the opportunity to supplement the record, if they felt it necessary as a result of the Township's participation. (N.T. at 20, 22–24, 109, R.R. at 32a–33a, 55a.) At the close of the evidence, Plaintiffs advised the trial court that they did not need to supplement the record. (N.T. at 109, R.R. at 55a.)

At trial, the parties stipulated that the only reason that the Recorder of Deeds refused to record the Werner Deed was that the Parcel did not have a PIN, and limited the issue before the trial court to whether the Board of Assessment was required to assign a PIN. (N.T. at 26–30, 115–16, R.R. at 34a–35a, 56a.) The Assistant Manager of the Board of Assessment testified that she did not assign a PIN because there was no recorded subdivision plan for the Parcel and Ordinance No. 79 requires that where a deed conveys a portion of an existing parcel on the County's tax map, a PIN can only be assigned if there is a recorded subdivision plan. (N.T. at 28–31, 33–34, 36–37, 51–58, R.R. at 34a–37a, 40a–42a.)

The Assistant Manager of the Board of Assessment also testified that Plaintiffs had provided a drawing of the Moyer Property with no name or seal of a surveyor, and that the drawing showed the lots described in the Moyer Deed and Werner Deed. (N.T. at 45–46, 48, 64–65, 68, R.R. at 39a, 43a–44a.) The Assistant Manager of the Board of Assessment testified that Plaintiffs had provided a letter from an attorney representing that the drawing was prepared by Stanley F. Moyer and admitted that Stanley F. Moyer was a licensed surveyor. (N.T. at 71–72, R.R. at 45a.) She testified, however, that surveys submitted to the Board of Assessment normally identify the preparer and are required to have a seal certifying that they were prepared by a licensed surveyor. (N.T. at 69, R.R. at 45a.) The drawing was introduced in evidence (N.T. at 75, R.R. at 46a; Survey Drawing, R.R. at 123a), but Plaintiffs introduced no evidence showing who prepared it, that it was a survey prepared by a professional surveyor or that it was the survey referenced in the original deeds of the Moyer Property. Plaintiffs did not introduce any testimony from the attorney who had made the representation concerning the drawing (and who was not Plaintiffs' attorney in this case) nor did they call any other witness at trial who could authenticate the drawing.

On March 6, 2012, the trial court issued an Order ruling in favor of Defendants and against Plaintiffs and denying Plaintiffs' request for an order directing the Board of Assessment to assign a PIN. On April 2, 2012, Plaintiffs filed the instant appeal.[2]

Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty. *Chesapeake Appalachia, LLC,* 35 A.3d at 1280 n. 7; *Orange Stones Co. v. City of Reading, Zoning Hearing Board,* 32 A.3d 287, 290 (Pa.Cmwlth.2011); *Bell Atlantic Mobile Systems, Inc. v. Borough of Clifton Heights,* 661 A.2d 909, 911 (Pa.Cmwlth. 1995); *DGD Realty Associates, L.P. v. Della Vecchia,* 654 A.2d 626, 628 (Pa. Cmwlth.1995). A court may issue a writ of mandamus only where the plaintiff shows 1) that he has a clear legal right to the relief requested, 2) that the defendant has a corresponding duty to perform the re-

2. Our review in a mandamus action is limited to determining whether the trial court abused its discretion or committed an error of law and whether sufficient evidence exists to sup-

port its findings. *Orange Stones Co. v. City of Reading, Zoning Hearing Board,* 32 A.3d 287, 289–90 (Pa.Cmwlth.2011).

quested act, and 3) that there is no other appropriate and adequate remedy. *Chesapeake Appalachia, LLC*, 35 A.3d at 1280 n. 7; *Orange Stones*, 32 A.3d at 290; *Bell Atlantic Mobile Systems*, 661 A.2d at 911; *DGD Realty Associates*, 654 A.2d at 628. "The purpose of mandamus is not to establish legal rights but only to enforce those legal rights that have already been established." *Orange Stones*, 32 A.3d at 290. Mandamus must be denied where the plaintiff has not shown that he satisfied the legal requirements for the relief he seeks. *Orange Stones*, 32 A.3d at 290; *Bell Atlantic Mobile Systems*, 661 A.2d at 912; *DGD Realty Associates*, 654 A.2d at 628–29.

The trial court here correctly concluded that Plaintiffs were not entitled to mandamus. Under Ordinance No. 79, the Board of Assessment had no legal duty to issue a PIN for the Parcel and Plaintiffs had no right to a PIN unless there was a recorded subdivision plan. (Ordinance No. 79 § 4(b), R.R. at 125a–126a.) The evidence was undisputed that there was no recorded subdivision plan for the Parcel or the other lots for which Plaintiffs sought PINs. Plaintiffs therefore did not have a clear legal right to the relief that they sought.

Plaintiffs argue that Ordinance No. 79's requirement of a recorded subdivision plan is preempted by the Uniform Parcel Identifier Law and therefore cannot be grounds for refusal to issue a PIN. We do not agree.

■ A state statute can preempt a local ordinance in three situations: 1) where the statute includes a preemption clause expressly restricting local regulation; 2) where the statute is intended to occupy the entire field and permit no local regulation; and 3) where the ordinance conflicts with the state statute either because compliance with both is impossible or because the ordinance "stands as an obstacle to the execution of the full pur-

poses of the statute." *Hoffman Mining Co. v. Zoning Hearing Board of Adams Township*, 612 Pa. 598, 610–11, 32 A.3d 587, 593–94 (2011); *see also Holt's Cigar Co. v. City of Philadelphia*, 608 Pa. 146, 153–54, 10 A.3d 902, 907 (2011). Only conflict preemption is at issue here. The Uniform Parcel Identifier Law contains no preemption clause. It also clearly is not intended to exclude local regulation, as it expressly authorizes counties to enact uniform parcel identifier ordinances. 21 P.S. § 333; 21 P.S. § 331, Historical and Statutory Note.

Plaintiffs contend that Ordinance No. 79's requirement of both a survey and a recorded subdivision plan conflicts with the Uniform Parcel Identifier Law because Section 4(b) of the state law does not require a recorded subdivision plan for issuance of a PIN. Unlike the Ordinance, Section 4(b) of the Uniform Parcel Identifier Law provides that "[i]f the conveyance in the proposed transfer represents a change of size and a description of the real estate, *the owner shall provide* the officials with *either a metes and bounds description based on a precise survey or a lot number and references to a recorded subdivision plan,* which plan on its face shows metes and bounds, prepared by a professional land surveyor as required by the act of May 23, 1945 (P.L. 913, No. 367), known as the Professional Engineers Registration Law." 21 P.S. § 334(b) (emphasis added).

■ However, the fact that the Ordinance imposes an additional requirement does not constitute a conflict. Additional requirements beyond those in a state statute are not preempted unless they conflict with a *purpose* of the statutory provisions. *Hoffman Mining Co.*, 612 Pa. at 625–31, 32 A.3d at 603–07 (300–foot setback for surface mining operations in state statute did not preempt local 1000–foot setback because local setback did not conflict with

a purpose of state statute); *Holt's Cigar Co.*, 608 Pa. at 154–57, 163–64, 10 A.3d at 907–09, 912–13 (additional regulations that are consistent with statute's purposes are not preempted, but ordinance was preempted because one of statute's purposes was to protect conduct prohibited by the ordinance); *Mars Emergency Medical Services, Inc. v. Township of Adams*, 559 Pa. 309, 314–15, 740 A.2d 193, 195–96 (1999) (local government may generally make additional regulations beyond those in state statute if they are consistent with and further the purpose of the state statute).

Ordinance No. 79's requirement of both a survey and a recorded subdivision plan does not conflict with the purpose of the Uniform Parcel Identifier Law. The purpose of the Uniform Parcel Identifier Law is to empower counties, at their option, to implement a uniform parcel identifier system within their county and provide for assignment of PINs, not to require statewide uniformity. 21 P.S. § 333; 21 P.S. § 331 Historical and Statutory Note. The title of the enacting legislation stated that it is

[a]n Act *authorizing a county*, with the written recommendation of its recorder of deeds or commissioner of records, by ordinance of its governing body, *to establish a uniform parcel identifier system* by providing for a depository agency of the county's tax maps, including additions, deletions and revisions to such maps, and *by providing for the assignment by such depository agency of uniform parcel identifiers* for each parcel on the map in order to facilitate conveyancing and its tax assessment and to establish a modern land record system.

21 P.S. § 331 Historical and Statutory Note (emphasis added). Section 3 provides that

[a] county, with the written recommendation of its recorder of deeds or commissioner of records, *may*, by ordinance of its governing body, *require the implementation of a uniform parcel identifier system.* The system shall provide for a permanent record of all county tax maps with the parcel identifier clearly visible.

21 P.S. § 333 (emphasis added).

Nothing in the Uniform Parcel Identifier Law indicates any purpose to limit counties' authority to require recorded subdivision plans or any purpose to confer a right to obtain a PIN in violation of local subdivision regulations. Indeed, inferring any such purpose would create a conflict with the legislature's policies in the Municipalities Planning Code (MPC).[3] The MPC, which predates the Uniform Parcel Identifier Law, prohibits both the subdivision of land in violation of local subdivision and land development ordinances and the recording of subdivisions in violation of local ordinances. Sections 507 and 513 of the MPC, 53 P.S. §§ 10507, 10513. Because Ordinance No. 79's requirement of a recorded subdivision plan does not conflict with any purpose of Section 4 of the Uniform Parcel Identifier Law, it is not preempted and was properly held by the trial court to bar Plaintiffs' claim for assignment of PINs. *Hoffman Mining Co.*, 612 Pa. at 625–31, 32 A.3d at 603–07.

■ Moreover, the trial court's denial of mandamus would be correct even if Ordinance No. 79's requirement of a recorded subdivision plan were preempted. Under both Section 4(b) of the Uniform Parcel Identifier Law and Ordinance No. 79, the Board of Assessment had no duty to assign a PIN unless Plaintiffs provided a survey. 21 P.S. § 334(b); Ordinance No.

3. Act of July 31, 1968, P.L. 805, *as amended,*   53 P.S. §§ 10101–11202.

79 § 4(b), R.R. at 125a–126a. Plaintiffs also failed to satisfy that requirement.

The only purported survey that Plaintiffs submitted to the Board of Assessment was a March 16, 1956 drawing which did not have the name or seal of a surveyor. (N.T. at 68–71, 75, R.R. at 44a–46a; Survey Drawing, R.R. at 123a.) The trial court found that Plaintiffs failed to show that this drawing was an actual survey prepared by a qualified surveyor. (March 6, 2012 Trial Court Decision at 8 ¶ 22, 11; June 12, 2012 Trial Court Opinion at 16–17.) This finding is amply supported by the record. State law requires that documents issued by a professional land surveyor must be stamped with the surveyor's seal. Act of May 23, 1945, P.L. 913, § 7(a), *as amended,* 63 P.S. § 154(a). In addition, Plaintiffs did not introduce any evidence showing who prepared the drawing, that it was a survey prepared by a professional surveyor or that it was the survey referenced in the original deeds of the Moyer Property.

Plaintiffs claim that the Board of Assessment admitted the drawing was a survey prepared by a professional surveyor by its Answer admitting Paragraph 10 of the Complaint. (Appellants' Brief at 30.) This contention is not accurate. Paragraph 10 of the Complaint did not aver that the drawing was a survey or by whom it was prepared. Rather, Paragraph 10 averred only that "counsel for the Grantor submitted supplementary materials to the Recorder of Deeds and Board of Assessment, respectively, including a certification of Robert G. Bricker, Esquire that the plan was prepared by a professional land surveyor, and renewed the request that the Property be assigned a parcel identification number and that the Deed be recorded," and that an attached document was that October 2007 letter from Attorney Bricker. (Complaint ¶ 10, R.R. at 9a).

The Board of Assessment's admission of this paragraph in its Answer thus admitted only that this certification was supplied, not the drawing was a survey prepared by a qualified surveyor. In contrast, the Board of Assessment denied Plaintiffs' averment that the drawing was a "survey plan ... prepared by Stanley F. Moyer Registered Engineer." (Complaint ¶ 1, R.R. at 7a–8a; Board of Assessment Answer ¶ 1, R.R. at 25a.)

Plaintiffs also argue that they had a right to assignment of a PIN under this Court's decision in *Springfield Township v. Halderman,* 840 A.2d 528 (Pa.Cmwlth. 2004), and on the ground that the four lots, including the Parcel, were described in the recorded Moyer Deed. These arguments are without merit.

*Halderman* does not address the assignment of PINs or the Uniform Parcel Identifier Law at all. Rather, it was an equity action brought by a township to undo a conveyance of properties which had allegedly been illegally subdivided. Moreover, the facts in *Halderman* are far different from those here. In *Halderman,* the chain of title of the properties showed that they had been separate parcels since the 1800s. 840 A.2d at 530 & n. 4. Here, in contrast, the Moyer Property was not divided into separate lots in the 1956 deeds. The chain of title shows the Moyer Property as one undivided property, not separate parcels. (April 10, 1956 Deed, R.R. at 134a; October 26, 1956 Deed, R.R. at 128a; July 13, 2006 Deed, R.R. at 132a–133a.) Indeed, the Werner Deed states that it is a "part" of an existing property, not a historically separate property. (Werner Deed, R.R. at 67a.) The Werner Deed describes the Parcel as

BEING *PART* OF THE SAME PREMISES which Lori Schmoyer and Cindy K. Twardzik Executrices of the Estate of Nancy Kotulka, deceased, by Deed

dated June 2, 2007 and recorded June 25, 2007 in Bucks County Land Record Book 5249, page 1724 granted and conveyed unto Ralph S. Moyer.

(*Id.*) (emphasis added).

The fact that 2007 Moyer Deed included a description of the Parcel and other lots is likewise not a basis on which the Board of Assessment could assign a PIN. The only documents on which assignment of a PIN can be based are the county tax map, a survey or a recorded subdivision plan. 21 P.S. § 334; Ordinance No. 79 § 4, R.R. at 125a–126a. Neither Ordinance No. 79 nor the Uniform Parcel Identifier Law authorizes assignment of a PIN on the ground that the metes and bounds of that parcel are set forth in a prior recorded deed. Plaintiffs' contention that Bucks County followed a practice of assigning PINs where a prior recorded deed described the separate parcels does not change this. Plaintiffs cite no authority suggesting that evidence of past practice could permit mandamus to compel an act prohibited by both statute and ordinance. Indeed, Plaintiffs did not even show that the Board of Assessment had such a practice.[4]

■ Finally, Plaintiffs seek reversal on the ground that the trial court allegedly erred in permitting the Township to intervene in this action. Rule of Civil Procedure 2327 provides that "[a]t any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if ... (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action." Pa. R.C.P. No. 2327(4). The Township was permitted to intervene under Rule 2327(4) on the ground it has a legally enforceable interest in preventing violation of its subdivision ordinance.

■ Plaintiffs do not dispute that a government's interest in preventing violation of its laws is a legally enforceable interest. Plaintiffs argue only that the Township allegedly raised different issues and could enforce its rights in a separate proceeding. (Appellants' Brief at 35–37, 39; Appellants' Reply Brief at 12–13.) Neither of these contentions, however, even if true, requires a court to deny intervention. The fact that an intervenor's position is "not in subordination to and in recognition of the propriety of the action" is a basis on which a trial court may deny intervention, but does not bar the court from granting intervention. Pa. R.C.P. No. 2329(1); *Larock v. Sugarloaf Township Zoning Hearing Board*, 740 A.2d 308, 312–13 (Pa.Cmwlth.1999). There is also no requirement that the intervenor show that it would be precluded from enforcing its rights in a separate action. Rather Rule 2327(4) permits intervention where the determination in the action may affect a legally enforceable interest of the intervenor "whether or not such person may be bound by a judgment in the action." Pa. R.C.P. No. 2327(4).

■ In any event, any error in permitting a party to intervene is grounds for reversal only if the appellant was prejudiced by the intervention. *Joseph v.*

---

4. Plaintiffs' evidence of this alleged practice consisted of a single instance where the Board of Assessment assigned PINs to deeds of two separate parcels described in a prior deed. (Appellants' Brief at 26, 28; N.T. at 41–45, R.R. at 38a–39a; Plaintiffs' Exs. 4, 5 and 6, R.R. at 80a–93a.) In that one instance, the two parcels had historically been separate parcels and there was therefore no subdivision of property. (N.T. at 43, R.R. at 38a.) Here, in contrast, the Moyer Property, from its first conveyance until 2007, was described in the recorded deeds only as a single property, not as a group of separate lots, and the Werner Deed itself set forth that it conveyed a part of the existing premises.

*North Whitehall Township Board of Supervisors,* 16 A.3d 1209, 1220–21 (Pa. Cmwlth.2011). The Township's intervention did not prejudice Plaintiffs. The trial court's ruling was based on the Uniform Parcel Identifier Law and Ordinance No. 79, the law applicable to Plaintiffs' mandamus action for assignment of a PIN, not issues raised or evidence introduced by the Township. In addition, Plaintiffs were given the opportunity to submit additional evidence by the trial court after the Township's intervention and advised the trial court that they did not need to do so. (N.T. at 109, R.R. at 55a.)

For the above reasons, we affirm the trial court's order ruling in favor of Defendants and denying Plaintiffs' request to compel assignment of a PIN.

### ORDER

AND NOW, this 4th day of April, 2013, the order of March 6, 2012 of the Court of Common Pleas of Bucks County in the above-captioned case is AFFIRMED.