J-A05033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DENICE WICKER AND LINDY WICKER, H/W, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| KORMAN SERVICES, INC., | |
| Appellee | No. 948 EDA 2014 |

Appeal from the Order Entered February 28, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 0812268-33-2

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 10, 2015**

This is an appeal from an order directing enforcement of a workers' compensation lien.  We affirm.

Lindy and Denice Wicker, husband-and-wife Appellants, filed suit against Korman Services, Inc. ("Korman")[1] on December 3, 2008.  Korman was responsible for maintenance of the property where Denice Wicker ("Denice" or "Appellant") fell at work on June 25, 2007, when she tripped on "bunched up" floor mats outside of her office.  Complaint, 12/3/08, at 1–2; Answer, 3/16/09, at 1.  Denice broke her arm and alleged in the complaint

_____

[1]  Korman Commercial Properties, Inc. answered the complaint asserting that it was incorrectly designated in the complaint as Korman Services and that it was the entity responsible for maintenance.  Answer, 3/16/09, at 1.

that she likely would require shoulder-replacement surgery.  Complaint, 12/3/08, at 3.  Denice was injured in the scope of her employment with American Bread Company ("ABC"), which was insured by American Zurich Insurance Co. ("Zurich"), the workers' compensation carrier, Appellee-Intervenor herein.  Petition to Intervene, 3/18/13, at 1–2.  Zurich paid Denice's medical bills in the amount of $12,241.00.  **Id**.

Appellants and Korman's insurance carrier agreed to settle the case for $90,000.00.  Petition to Intervene, 3/18/13, at 2.  Denice asserts that there was little litigation activity on the docket because "the case was essentially tried before the mediator."  Appellants' Brief at 7.  The trial court, as well, noted an absence of docket activity after the filing of Appellants' Reply to New Matter on May 29, 2009.  Trial Court Opinion, 4/25/14, at 1.  Zurich sought to intervene on March 18, 2013,[2] to enforce its subrogation rights as ABC's workers' compensation insurer pursuant to 77 P.S. § 671, "Subrogation of employer to rights of employee against third persons."  Appellants filed a response and new matter on May 13, 2013.  The trial court permitted Zurich to intervene by order dated August 8, 2013.

_____

[2]  The original petition dated February 20, 2013, apparently was incomplete, and Zurich filed it again on March 18, 2013.  **See** Docket entries sixteen and seventeen, respectively.  **See also** Zurich's Brief at 6 n.11.  We note that Zurich's brief confusingly includes duplicate pagination and footnote numbering by beginning such numbering over again from "1" in the "Argument" section of its brief.  Thus, for clarity, we will designate any references to page numbers in the duplicate section as "Argument-___."

On October 1, 2013, Zurich filed a petition seeking to compel Denice to satisfy Zurich's workers' compensation subrogation lien in the amount of $6,569.25 against her third party settlement recovery from Korman. Zurich also sought fees and costs relating to its efforts to enforce the lien in the amount of $1,618.82. On November 26, 2013, the trial court issued a rule to show cause, returnable on December 23, 2013, why Zurich was not entitled to the relief requested. When Appellants failed to file a response,[3] Zurich filed a motion to make the rule absolute on January 7, 2014. On February 28, 2014, the trial court granted the motion to make the rule absolute and ordered Appellant to make prompt payment of $8,188.07 to Zurich. Appellants filed a notice of appeal on March 21, 2014. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants present the following question for our review:

> Whether the [c]ourt erred as a matter of law in permitting [Zurich] to intervene under Pa.R.C.P. 2327 without a hearing in a settled case no longer pending in which distribution had been made and the [c]ourt lacked jurisdiction to enter judgment against Appellants (the Wickers) who were never served with any pleadings requiring them to defend.

Appellants' Brief at 5.

As noted by our Supreme Court, "The right to subrogation and reimbursement has been described as absolute and automatic." *Frazier v.*

---

[3] While Appellants asserted at oral argument that they did respond, the record does not substantiate their claim; the trial court, as well, noted that Appellants failed to respond. Trial Court Opinion, 4/25/14, at 3.

*W.C.A.B. (Bayada Nurses, Inc.)*, 52 A.3d 241, 247 (Pa. 2012) (citing *Thompson v. WCAB (USF & G Co.)*, 781 A.2d 1146, 1151 (Pa. 2001)). Moreover:

> Subrogation is an "equitable doctrine intended to place the ultimate burden of a debt upon the party primarily responsible for the loss." *Jones v. Nationwide Prop. and Cas. Ins. Co.*, 613 Pa. 219, 32 A.3d 1261, 1270 (Pa. 2011). It allows the subrogee (the insurer) to step into the shoes of the subrogor (the insured) to recover from the party that is primarily liable (the third party tortfeasor) any amounts previously paid by the subrogee to the subrogor.

*AAA Mid-Atlantic Ins. Co. v. Ryan*, 84 A.3d 626, 632 n.6 (Pa. 2014).

Whether to allow intervention is a matter vested in the discretion of the trial court, and the court's decision will not be disturbed on appeal absent a manifest abuse of its discretion. *Johnson v. Tele-Media Co. of McKean County*, 90 A.3d 736, 739–740 (Pa. Super. 2014). "A trial court will not be found to have abused its discretion unless the record discloses that its decision was manifestly unreasonable or was the result of partiality, prejudice, bias, or ill-will." *Id*. (citing *Stenger v. Lehigh Valley Hosp. Center*, 554 A.2d 954, 956 (Pa. Super. 1989)).

Appellants contend that Zurich failed to comply with Pa.R.C.P. 2327, 2328, and 2329. Those rules provide, in pertinent part, as follows:

**Rule 2327. Who May Intervene**

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

- 4 -

1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

3) such person could have joined as an original party in the action or could have been joined therein; or

4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

## Rule 2328.  Petition to Intervene

a) Application for leave to intervene shall be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in a civil action, setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert. The petitioner shall attach to the petition a copy of any pleading which the petitioner will file in the action if permitted to intervene or shall state in the petition that the petitioner adopts by reference in whole or in part certain named pleadings or parts of pleadings already filed in the action.

b) A copy of the petition shall be served upon each party to the action.

## Rule 2329. Action of Court on Petition

Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if

1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

> 2) the interest of the petitioner is already adequately represented; or
>
> 3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.C.P. 2327–2329.

Appellants argue that the instant matter was not a pending action as required by Pa.R.C.P. 2327. Appellants' Brief at 16. Appellants submit that the trial court "improperly equated the pendency of the case with something totally different, its voluntary discontinuance by a plaintiff prior to trial which does not end the litigation unless done 'with prejudice.'" Appellants' Brief at 17 (citing **Robinson Twp. School District v. Houghton**, 128 A.2d 58 (Pa. 1956)). Appellants make much of the fact that the instant case had ended by agreement of both parties; thus, the rule relied upon by the trial court was inapplicable because "there was no pending case to discontinue by only one party, the plaintiff, with an eye toward litigating the case in the future." Appellants' Brief at 17.

Appellants assert they were never served with the petition to intervene, and it did not contain a pleading endorsed with a notice to plead under Pa.R.C.P. 2328, containing a request of the relief sought and the reasons the relief was required. Thus, they maintain they were not afforded the opportunity to plead or retain counsel to defend Zurich's allegations. They cite no support for these bald allegations.

Appellants also assail the fact that the trial court granted the petition to intervene without holding a hearing "as required by Pa.R.C.P. 2329." Appellants' Brief at 17. They claim that if a hearing would have been held, the petition would have been denied because Zurich failed to allege any facts to support the conclusion: 1) that it did not unduly delay its filing of the petition, or 2) that Appellants were not prejudiced by the delay. *Id*. at 15. They cite no support for these allegations.

In response, Zurich explained the background of its filing of the intervention petition, as follows. Appellants' counsel allegedly mailed a letter to Zurich, offering to reimburse Zurich $4,896.40 toward Zurich's lien amount of $6,569.25,[4] which Zurich rejected. Reply to [Appellants'] Response with New Matter to [Zurich's] Petition to Intervene, 5/23/13, at Exh. A.

Zurich suggests that it never acknowledged that the case was settled and the funds were distributed, as alleged by Appellants. Rather, Zurich

---

[4] The mandatory subrogation lien amount is a mathematical calculation on a form known as a Third Party Settlement Agreement. The pertinent statutory requirement is as follows:

**§ 121.18. Subrogation**

(a) If an employee obtains a third-party recovery under section 319 of the act (77 P. S. § 671), a Third Party Settlement Agreement, Form LIBC-380, shall be executed by the parties.

34 Pa. Code § 121.18; 7 West's Pa. Prac., Workers' Compensation § 12:38 (3d ed.); Zurich's Brief at 2 n.3.

avers that it maintained only that the parties "reached a settlement," claiming that the very purpose of Zurich's petition to intervene was "to **prevent** a distribution of disputed settlement funds and to take action **before** the case was discontinued." Zurich's Brief at 5 n.9 (emphasis in original).

Zurich echoes the trial court and posits that Appellants' case against Korman was open and pending when Zurich intervened because Appellants had not filed a praecipe to discontinue it under Pa.R.C.P. 229(a) nor had Appellants executed a Third Party Settlement Agreement ("TPSA") required under 34 Pa. Code § 121.18(a). Zurich also underscores that the Department of Labor and Industry Regulations direct that an employee who obtains a third party recovery "shall" execute a TPSA with the employer and the employer's compensation insurer and file it with the Bureau of Workers' Compensation. *Spillman v. W.C.A.B. (DPT Business School)*, 2011 WL 10828080, ___ A.3d ___ (Pa. Cmwlth. 2011) (unpublished memorandum). Zurich suggests that Appellants did not file a TPSA because the insurance company paying the benefits, in this case, Zurich, must "review, approve and sign off on the agreement of the terms of the TPSA. In this case, there was never any communication of a settlement by [Denice] to Zurich until after the settlement was concluded. At that time, a compromised lien reimbursement offer was made to Zurich which was unacceptable." Zurich's Brief at Argument-7 n.1. Zurich avers this fact is additional proof that

Appellants' action was not terminated when Zurich petitioned the court to intervene.

Zurich contends that Pa.R.C.P. 2329 does not require a petitioner to request a hearing. It maintains that if our Supreme Court wanted to require a petitioner to request a hearing, it would have written it explicitly into Rule 2329, and it did not do so. Zurich also suggests there was no prejudice to Appellants, asserting that the reason to require a hearing is to allow the petitioner the opportunity to prove that it satisfied one of the Pa.R.C.P. 2327 elements. Zurich's Brief at Argument-11 (citing ***Santangelo Hauling, Inc. v. Montgomery County***, 479 A.2d 88, 89 (1984) ("The reason for requiring a hearing is clear: to give the petitioner the opportunity to establish, factually, that he comes within one of the four categories of persons who are entitled to intervene under Pa.R.C.P. 2327") (internal citation and quotation omitted)). Here, Zurich points out that Appellants' complaint on appeal is that the trial court erred in **granting** Zurich's petition to intervene. Zurich submits that in cases involving a successful, but opposed, petition to intervene, the party opposed to the court's grant of the petition must have been "prejudiced" by the court's ruling. Zurich maintained to the trial court and advances on appeal that Appellants never complained they were prejudiced by the trial court's order permitting Zurich to intervene. Relatedly, Zurich proffers that it had to make only a *prima facie* showing that it fell within one of the four categories of Pa.R.C.P. 2327, and it did so.

Zurich's Brief at Argument-10. **See Johnson,** 90 A.3d at 742 ("Once a petitioner seeking intervention presents a *prima facie* case for intervention, there is no requirement that he prove his case before intervention will be permitted, since otherwise he would be forced to try his case twice."). Finally, Zurich echoes the trial court's decision of waiver, maintaining that Appellants never made a claim regarding lack of service of the petition to intervene to the trial court.

We address Appellants' claim that the case was not pending when Zurich filed its petition to intervene in violation of Pa.R.C.P. 2327. While this precise issue, as worded in Appellants' Brief, was not identified *verbatim* in Appellant's Pa.R.A.P. 1925(b) statement, we construe the claim as an "error identified in the Statement . . . deemed to include every subsidiary issue contained therein which was raised in the trial court." Pa.R.A.P. 1925(b)(4)(v); Trial Court Opinion, 4/25/14, at 3.

We reject Appellants' averment that the petition to intervene was not filed during the pendency of the action. The trial court determined that the case remained pending because Appellants had never **filed** a *praecipe* to discontinue the case and, in fact, had inferred as much in their response to the intervention petition, where they averred that an "Order to Settle, Discontinue and End was presented to Defendant Korman **to be filed** with the Court." Response to the Petition to Intervene and New Matter, 5/13/13, at ¶¶ 17, 18 (emphasis added). We agree with the trial court that the fact

- 10 -

that Appellants may have come to some private agreement does not alter this conclusion. The trial court noted that pursuant to Pa.R.C.P. 229(a), a discontinuance is the "exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." Trial Court Opinion, 4/25/14, at 4; Pa.R.C.P. 229(a) ("A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.")

Moreover, in reviewing the docket activity for this case, we note the following. Appellants filed their complaint against Korman on December 3, 2008. Multiple entries followed, through January 25, 2010, but there is no docket activity for the ensuing two years. On February 9, 2012, the Bucks County Prothonotary filed a termination notice advising Appellants that the "court intends to terminate this case without further notice because the docket shows no activity on the case for at least two years." Notice of Proposed Termination of Court Case, 2/9/12. Six days later, on February 15, 2012, Appellants filed a certificate of active status, indicating that "[t]he parties are attempting mediation before certifying the case for trial." Statement of Intention to Proceed, 2/15/12; Docket Entry 16. The next docket entry after Appellants' certificate of active status is Zurich's Petition

to Intervene. Docket Entry 17, 2/20/13.[5] We discern nothing in the record that compels a conclusion that the trial court abused its discretion in determining that the action remained pending for purposes of Pa.R.C.P. 2327.[6]

Appellant's next assertion is that the trial court erred in allowing Zurich to intervene without holding a hearing. The trial court did not address this claim. This issue was not included in Appellants' statement of errors complained of on appeal, nor is it suggested thereby; therefore, it is waived. Pa.R.A.P. 1925(b)(4)(vii). ***Brandon v. Ryder Truck Rental, Inc.***, 34 A.3d 104, 111 (Pa. Super. 2011); ***Cobbs v. SEPTA***, 985 A.2d 249, 256 (Pa. Super. 2009) (citing ***Southcentral Employment Corp. v. Birmingham Fire Ins. Co. of Pa.***, 926 A.2d 977, 983 n.5 (Pa. Super. 2007) (holding that issue not raised in statement of matters complained of on appeal is waived for purposes of appeal)).[7]

_____

[5] As noted *supra* note 2, the original petition dated February 20, 2013, apparently was incomplete, and Zurich filed it again on March 18, 2013.

[6] While we agree with Zurich that Appellants' failure to file a TPSA with the employer and the employer's workers' compensation insurer is additional evidence of the pendency of the litigation, we cannot verify this contention in the instant record.

[7] Even if not waived, we would reject the claim. The single case cited by Appellants relates to the denial, not grant, of a petition to intervene. As noted by Zurich, the standard in cases involving a claim that intervention should not have been permitted requires a showing that the party opposing intervention was prejudiced. ***See Moyer v. Gudknecht***, 67 A.3d 71, 79
*(Footnote Continued Next Page)*

Finally, Appellants contend they "were never served with the Petition to Intervene[,] and the Petition did not contain a pleading endorsed with a notice [to] plead under Pa.R.C.P. 2328." Appellants' Brief at 15. As noted by the trial court, this claim was never presented to the trial court and is waived. Issues not raised in the trial court cannot be raised for the first time on appeal. Pa.R.A.P. 302; *In re F.C. III*, 2 A.3d 1201, 1211–1212 (Pa. 2010); *Bednarek v. Velazquez*, 830 A.2d 1267 (Pa. Super. 2003).

Despite waiver, the trial court additionally noted that the record does not support Appellants' contention. In support, the trial court noted as follows:

> The record established the following:
>
> 1. <u>Petition to Intervene</u>—Zurich's counsel filed a Certificate of Service dated February 19, 2013, certifying that he served the Petition to Intervene "by first class US mail and electronic mail" upon counsel of record, including Plaintiffs' attorney, Raymond J. Quaglia, Esquire, Raymond J. Quaglia, P.C., 1313 Race Street, Philadelphia, PA 19107. Plaintiffs filed a response on May 13, 2013 opposing Zurich's Petition to intervene.
>
> 2. <u>Petition to Compel Satisfaction of Workers' Compensation Lien Directed to Plaintiff Denice</u>

*(Footnote Continued)* _____

(Pa. Cmwlth. 2013) (stating allowance of party to intervene is ground for reversal "only if the appellant was prejudiced by the intervention."). *See generally Commonwealth v. Thomas*, 814 A.2d 754, 759 (Pa. Super. 2002) ("Although our Court is not bound by decisions of the Commonwealth Court, we may elect to follow those decisions if we find the rationale of those decisions persuasive."). Appellants herein did not assert to the trial court that they were prejudiced by Zurich's intervention.

Wicker—Zurich's counsel filed a Certificate of Service dated November 5, 2013 certifying that he served the Petition to Compel Satisfaction "by first class US mail and electronic mail" upon counsel of record, including Plaintiffs' attorney, Raymond J. Quaglia, Esquire, Raymond J. Quaglia, P.C., 1313 Race Street, Philadelphia, PA 19107.

3. Rule to Show Cause-Zurich's counsel filed a Certificate of Service dated December 3, 2013 certifying that he served Rule to Show Cause dated November 26, 2013 and returnable December 23, 2013 and the Petition to Compel certified mail and electronic mail to counsel of record including Plaintiffs' attorney, Raymond J. Quaglia, Esquire, Raymond J. Quaglia, P.C., 1313 Race Street, Philadelphia, PA 19107. Zurich's counsel attached copies of the certified mail return receipt establishing that the certified mail was delivered to counsel's office on December 5, 2013.

4. Motion to Make Rule Absolute-Zurich's counsel filed a Certificate of Service dated January 3, 2013 certifying that he served the Motion by first class mail upon counsel of record including Plaintiffs' attorney, Raymond J. Quaglia, Esquire, Raymond J. Quaglia, P.C., 1313 Race Street, Philadelphia, PA 19107. Zurich attached to its motion as Exhibit B a copy of its cover letter to the Plaintiffs' counsel dated December 3, 2013, with the United States Postal Service tracking number attached; a copy of the signed, returned certified mail receipt, with the same tracking number as the cover letter; and a copy of an e-mail sent from Zurich's counsel to the Plaintiffs' counsel dated December 3, 2013, 1:35 p.m., with the rule to show cause order and related documents attached in portable document format ("PDF").

Clearly, all of the above documents were served in conformity with the Rules of Civil Procedure, Rule 205.4(g)(1) and Rule 440. A properly posted pleading raises a presumption that it has been received in due course of mail by the addressee. **Wheeler v. Red Rose Transit Auth.**, 890 A.2d 1228, 1231 (Pa. Cmwith. 2006); **Franklin Interiors, Inc. v. Browns Lane**,

> ***Inc.***, 323 A.2d 226 (Pa. Super. 1974). Counsel's representation to the contrary is not sufficient to rebut the presumption that the Petitions and Rules were received. ***Wheeler v. Red Rose Transit Authority***, ***supra***; ***DeVeaux by DeVeaux v. Palmer***, 558 A.2d 166 (Pa. Cmwlth. 1989). Plaintiffs' claims regarding lack of service are therefore without merit.

Trial Court Opinion, 4/25/14, at 4–5. Therefore, even if this issue had been preserved, we would conclude that it lacked merit based upon the trial court's discussion above.

Thus, Appellants' argument that the trial court's order granting Zurich's Petition to Intervene was an abuse of discretion is without merit. The February 28, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015

- 15 -