David Solomon, Haines & : 
Kibblehouse, Inc., O'Neil Properties : 
Group, Henkels & McCoy : 
and Commonwealth of Pennsylvania : 
                             : 
David Solomon and Fanya Solomon : 
                             : 
          v.                    : No. 681 C.D. 2017 
                             : Submitted: March 8, 2018 
Joseph D. Hulme, IV : 
                             : 
          v.                    : 
                             : 
Haines & Kibblehouse, Inc. : 
                             : 
Appeal of: Joseph D. Hulme, IV : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge 
               HONORABLE MICHAEL J. WOJCIK, Judge 
               HONORABLE DAN PELLEGRINI, Senior Judge[1]

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY 
SENIOR JUDGE PELLEGRINI                 FILED: April 17, 2018

          Joseph D. Hulme, IV (Hulme) appeals from an order of the Court of Common Pleas of Bucks County (trial court) denying and dismissing his motion to sever consolidated cases because it was determined that David and Fanya Solomon's

---

[1] This opinion was reassigned to the authoring judge on March 28, 2018.

(collectively, the Solomons) discontinuance of their claim somehow discontinued Hulme's separate claims against the Solomons and others.

# I.

This matter involves two separate actions commenced in 2007, which arose out of an automobile accident that took place on April 5, 2005. The actions were eventually "consolidated for purposes of discovery and trial" in 2010 because they involve substantially the same facts and mostly the same defendants. (Reproduced Record (R.R.) at 20a-21a.) In one action, the Solomons were the plaintiffs and Hulme was the defendant. In the other action, Hulme was the plaintiff and the Solomons were defendants.[2] Because there was never "complete consolidation," "the actions could not have been consolidated such that the actions lost their separate identities and the pleadings merged." *Kincy v. Petro*, 2 A.3d 490, 495 (Pa. 2010); *see also Malachuck v. Sivchuk*, 137 A.3d 1283 (Pa. 2016); Pa. R.C.P. No. 213(a). The trial court's post-consolidation caption reflects this fact.

---

[2] In his action, Hulme named David Solomon as a defendant, along with Haines & Kibblehouse, Inc. a/k/a Haines & Kibblehouse Contractors a/k/a Haines & Kibblehouse Environmental Services, Inc.; O'Neil Properties Group, L.P. a/k/a O'Neil Properties Group; Henkels & McCoy a/k/a Henkels & McCoy, Inc., a/k/a Henkels National, Inc.; and the Commonwealth of Pennsylvania a/k/a Commonwealth of Pennsylvania, Department of Transportation (collectively, Defendants).



IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

JOSEPH HULME
v.
DAVID SOLOMON, HAINES & KIBBLEHOUSE,
INC., O'NEIL PROPERTIES GROUP, HENKELS
& MCCOY and COMMONWEALTH OF
PENNSYLVANIA

No.: 2007-00092

DAVID SOLOMON and FANYA SOLOMON, h/w
v.
JOSEPH D. HULME, IV
v.
HAINES & KIBBLEHOUSE, INC.

(R.R. at 50a.)

Following discovery, on August 9, 2013, the Solomons filed a praecipe to settle, discontinue and end (Praecipe to Discontinue), which only exhibits the caption for the Solomons' action against Hulme and only supplies the signature of the Solomons' attorney. It provides, in its entirety:

GREG PROSMUSHKIN, P.C.
  Mark Yurovsky, Esquire
Attorney ID No.: 84904
9637 Bustleton Avenue
Philadelphia, PA 19115
(215) 673-7733                                          Attorney for Plaintiff

| | |
|---|---|
| DAVID SOLOMON | : COURT OF COMMON PLEAS |
| FANYA SOLOMON, h/w | : BUCKS COUNTY |
| Plaintiff, | : |
| v. | : |
| JOSEPH D. HULME, IV | : No: 2007-00092 |
| Defendant | : |

**ORDER TO SETTLE DISCONTINUE AND END**

TO THE PROTHONOTARY:

Kindly mark the above-captioned matter settled, discontinued and ended.

GREG PROSMUSHKIN, P.C.

By: _____
Mark Yurovsky, ESQUIRE
Attorney for Plaintiff

(R.R. at 22a.)[3]  While often referred to in the briefs and the trial court opinion as the "order of discontinuance," it was not signed by a judge.

The docket remained open and in the year following the Solomons' Praecipe to Discontinue, several of the defendants moved for summary judgment against Hulme and also filed responses in opposition to other defendants' motions for summary judgment.  Remarkably, one of those defendants moving for summary judgment and objecting to other defendants' motions for summary judgment **was the Solomons**.  (*See* R.R. at 75a.)  In those filings, the Solomons did not mention the

---

[3] Although the Praecipe to Discontinue is self-described as an "Order to Settle Discontinue and End," it was correctly entered on the docket as a "Praecipe to Mark the Case Settled, Discontinued and Ended Filed. /PD $9.00." (R.R. at 22a, 74a.)

Praecipe to Discontinue and only sought summary judgment on the grounds that Hulme was contributorily negligent.

On March 16, 2016, the trial court dismissed as moot "the Motions for Summary Judgment filed by **Defendants David Solomon**, Haines & Kibblehouse, Inc., Henkels & McKoy, and McMahon Associates, Inc. . . . by virtue of the [Praecipe to Discontinue] filed in this matter on August 9, 2013." (R.R. at 50a) (emphasis added). Because Hulme was the prevailing party, he could not appeal.

Hulme then filed a Motion to Sever Consolidated Cases (Motion to Sever), explaining:

> 4. On or about April 19, 2013, Mark Yurovsky, Esquire, attorney for [the Solomons] as Plaintiffs . . . filed a Praecipe [to Discontinue] . . . . In actuality, only the claim brought by [the Solomons] as Plaintiffs was resolved, the claim of [Hulme] against the defendants named herein was never dismissed.
>
> [5.] After filing of the aforesaid Praecipe, the litigation involving [Hulme] as Plaintiff continued to be litigated with Motions filed by various of the Parties hereto including various Motions for Summary Judgment filed by Defendants herein concerning the claim of Joseph Hulme as Plaintiff. These Motions [were] forwarded by Praecipe to the Court for decision and Judge Gilman entered an Order declaring that the Motions were moot [] due to the aforementioned [Praecipe to Discontinue] filed by Attorney Yuro[v]sky representing [the Solomons] as Plaintiffs.
>
> [6.] [Hulme] did not file such a Praecipe to Settle Discontinue or End his claim nor did he acquiesce to the filing of the aforementioned Praecipe.
>
> [7.] Plaintiff believes and therefore avers that the aforementioned Praecipe was intended to settle the claims

5

of [the Solomons] only and not in any way was it meant to settle the separate and distinct claims of [Hulme].

[8.] [Hulme] requests this Honorable Court to sever his claim from that of [the Solomons] and permit [] his claim against these Defendants to proceed to resolution.

(R.R. at 56a-57a.) The trial court denied the Motion to Sever and this appeal followed.[4]

## II.

On appeal, the issue seems to be whether the trial court erred in denying Hulme's Motion to Sever his action from the Solomons' action. What the parties are seemingly unaware of is that the case was already unconsolidated when the Solomons filed the Praecipe to Discontinue their action. As to the central issue of whether the Solomons' unilateral Praecipe to Discontinue could discontinue Hulme's separate action in which the Solomons were named defendants – to state the obvious – a defendant cannot discontinue a plaintiff's action against him. Under Pennsylvania Rule of Civil Procedure No. 229,[5] only a plaintiff can file a praecipe to discontinue an

---

[4] As a preliminary matter, Defendants assert that this Court lacks appellate jurisdiction over the propriety of the trial court's actions because: (1) the deemed discontinuance of the entire action took place in 2013 and there is no longer a case and controversy; and (2) the order denying the Motion to Sever is interlocutory and not appealable. However, there obviously remained a case and controversy over the purported discontinuance of Hulme's action given that the trial court never entered an order for the Praecipe to Discontinue and the docket remained open and active at all times thereafter. Moreover, because the trial court's order denying Hulme's Motion to Sever effectively disposed of all claims and parties, that order should obviously be treated as final and appealable.

[5] Pa. R.C.P. No. 229 provides, in pertinent part:

**(Footnote continued on next page…)**

6

action, not the defendant. The Solomons' "Order to Settle Discontinue and End" only discontinued their action against Hulme, not Hulme's action against them and others. Hulme did not have to appeal this discontinuance because it did not have, nor did it even purport to have any effect on his separate action. Moreover, there was no order for him to appeal.[6]

Accordingly, for the foregoing reasons, the trial court's order is reversed and the matter is remanded to the trial court.

_____
DAN PELLEGRINI, Senior Judge

_____
**(continued…)**

> (a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.
>
> (b)(1) Except as otherwise provided in subdivision (b)(2), a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance.
>
> (2) In an action governed by Rule 1042.3, a plaintiff may enter a discontinuance as to a defendant if a certificate of merit as to that defendant has not been filed.

[6] On other occasions, a party's praecipe to discontinue that did not comply with the strict requirements of Rule 229 has been deemed a nullity. *See, e.g.*, *Matyas v. Albert Einstein Medical Center*, 310 A.2d 301, 302 (Pa. Super. 1973) ("Therefore, since neither plaintiff nor additional defendant could properly have initiated a discontinuance as to less than all the defendants, the agreement between them to bring about a discontinuance as to the additional defendant alone is a **nullity**.") (emphasis added.)

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Solomon, Haines & : 
Kibblehouse, Inc., O'Neil Properties : 
Group, Henkels & McCoy : 
and Commonwealth of Pennsylvania : 
: 
David Solomon and Fanya Solomon : 
: 
v. : No. 681 C.D. 2017
: 
Joseph D. Hulme, IV : 
: 
v. : 
: 
Haines & Kibblehouse, Inc. : 
: 
Appeal of:  Joseph D. Hulme, IV :

# **O R D E R**

AND NOW, this 17th day of April, 2018, it is hereby ordered that the order of the Court of Common Pleas of Bucks County (trial court) in the above-captioned matter is reversed and the matter is remanded to the trial court.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Solomon, Haines &                     :
Kibblehouse, Inc., O'Neil Properties         :
Group, Henkels & McCoy                       :
and Commonwealth of Pennsylvania             :
                                             :
David Solomon and Fanya Solomon              :
                                             :
                          v.                 :   No. 681 C.D. 2017
                                             :   Submitted:  March 8, 2018
Joseph D. Hulme, IV                          :
                                             :
                          v.                 :
                                             :
Haines & Kibblehouse, Inc.                   :
                                             :
Appeal of: Joseph D. Hulme, IV               :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE WOJCIK                                        FILED:  April 17, 2018


        I respectfully dissent.

        This matter involves two separate actions in the Court of Common

Pleas of Bucks County (trial court) arising from an automobile accident, which took

place on April 5, 2005, in Bucks County, Pennsylvania.  At Docket No. 2007-00092,

David Solomon and his wife, Fanya (collectively, the Solomons), filed suit against

Joseph D. Hulme (Hulme).  At Docket No. 2008-03900, Hulme filed suit against

David Solomon as well as Haines & Kibblehouse, Inc., O'Neil Properties Group,

L.P., Henkels & McCoy, Inc., and the Commonwealth of Pennsylvania, Department of Transportation.[1]

At the request of the Solomons, the trial court consolidated the two cases at Docket No. 2007-00092 for purposes of discovery and trial (Consolidation Order). Trial Court Order, 2/5/10, at 1; Reproduced Record (R.R.) at 20a-21a. Hulme did not object. *See* Trial Court Opinion, 8/16/17, at 2; R.R. at 84a.

On August 9, 2013, the Solomons filed a Praecipe to Settle, End and Discontinue the litigation pursuant to Pa. R.C.P. No. 229 (Praecipe to Discontinue). R.R. at 22a. Although the Praecipe to Discontinue was signed only by the Solomons' attorney, the trial court treated the Praecipe to Discontinue as discontinuing all parties and all claims at both dockets. Trial Court Opinion, 8/16/17, at 3; R.R. at 85a.

A year later, three of the original defendants, David Solomon, Haines & Kibblehouse, Inc., Henkels & McCoy, and additional defendant, McMahon Associates, Inc. (collectively, Defendants) filed separate motions for summary judgment. R.R. at 29a-48a. The motions pertained to the case at Docket No. 2008-03900, in which Hulme was the plaintiff. Hulme did not respond to any of the motions and has offered no explanation for this failure.

On March 16, 2016, the trial court entered an order deeming the summary judgment motions moot by virtue of the Praecipe to Discontinue. Trial Court Order, 3/16/16, at 1; R.R. at 50a. Hulme did not seek reconsideration or appeal that order, which became final on April 15, 2016.

The majority opines that Hulme could not appeal because Hulme was the prevailing party. Majority Slip Op. at 5. Indeed, a "prevailing party" is not

---

[1] In the course of litigation at Docket No. 2007-00092, in which Hulme was the defendant, Hulme joined these same defendants as additional defendants at Docket No. 2008-03900.

aggrieved and therefore has no standing to appeal an order that has been entered in his favor. *United Parcel Service, Inc. v. Pennsylvania Public Utility Commission*, 830 A.2d 941, 948 (Pa. 2003). However, "any party who is aggrieved by an appealable order may appeal." Pa. R.A.P. 501. "Whether or not a party is aggrieved by the action is a substantive question determined by the effect of the action on the party, etc." Pa. R.A.P. 501, Note; *accord Loughran v. Valley View Developers, Inc.*, 145 A.3d 815, 819 n.3 (Pa. Cmwlth. 2016); *Tri-County Landfill, Inc. v. Pine Twp. Zoning Hearing Board*, 83 A.3d 488, 509 (Pa. Cmwlth.), *appeal denied*, 101 A.3d 788 (Pa. 2014).

Here, although the trial court denied Defendants' motions for summary judgment against Hulme, Hulme was nevertheless adversely affected by the order and thus aggrieved. The trial court did not deny Defendants' motion for summary judgment on the basis that there were genuine issues of material fact or that Defendants were not entitled to judgment as a matter of law. *See P.J.S. v. Pennsylvania State Ethics Commission*, 723 A.2d 174, 175 (Pa. 1999) ("Summary judgment may be granted only in those cases where the record clearly shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."). Rather, the trial court denied the motions holding the "motions are deemed moot and are thereby dismissed by virtue of the Order to Settle, Discontinue and End filed in this matter on August 9, 2013." Trial Court Order, 3/16/16, at 1; R.R. at 50a. Hulme is aggrieved by this order because the order effectively discontinued the entire matter as to all parties and all claims. Conversely, Defendants, who sought dismissal of the case, ultimately prevailed.

After the appeal period lapsed, Hulme filed his first motion to vacate the Consolidation Order, which the trial court dismissed for failure to pursue.[2] On December 19, 2016, Hulme filed a motion to sever consolidated cases on the basis that the trial court erred in determining that the Praecipe to Discontinue settled all claims, which the trial court denied and Hulme now appeals.

The issue before us is limited to whether the trial court abused its discretion by refusing to allow Hulme to sever his claims. Rule 213(b) of the Pennsylvania Rules of Civil Procedure allows a trial court to sever cases, causes of action or claims. Pa. R.C.P. No. 213(b). It may do so on its own motion or on motion of any party. *Id.* We review a decision to grant or refuse severance for an abuse of discretion. *Ball v. Bayard Pump and Tank Co.*, 67 A.3d 759, 767 (Pa. 2013). The party bears a "heavy burden" on appeal when challenging a discretionary ruling. *Fancsali v. University Health Center of Pittsburgh*, 761 A.2d 1159, 1162 (Pa. 2000). "It is not sufficient to persuade the appellate court that it might have reached a different conclusion under the same factual situation." *Id.* "'An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the

---

[2] On May 18, 2016, Hulme filed a motion to vacate the Consolidation Order. The trial court issued a rule to show cause, but Hulme never pursued the motion to vacate. Defendants moved to dismiss the motion to vacate for failure to comply with Rule 208.3(b)(2) of the Bucks County Rules of Civil Procedure, which requires a moving party to file a praecipe to submit the motion for disposition. B.C.R.C.P. No. 208.3(b)(2). If the moving party fails to file a Rule 208.3(b)(2) praecipe, any other party may file a praecipe to dismiss the motion. B.C.R.C.P. No. 208.3(b)(5). On November 3, 2016, the trial court dismissed Hulme's motion to vacate pursuant to local rule based on Hulme's failure to praecipe the matter for disposition. On November 29, 2016, Hulme filed the same motion to vacate, which he later withdrew.

record, discretion is abused.'" *Id.* (quoting *Paden v. Baker Concrete Construction*, 658 A.2d 341, 343 (Pa. 1995)).

Upon review, I do not believe that the trial court abused its discretion by refusing to sever the consolidated cases. Setting aside the apparent problems with the Praecipe to Discontinue and the trial court's handling of it, which is troubling in its own right, the fact remains that the trial court disposed of the motions for summary judgment upon determining that the Praecipe to Discontinue *discontinued the entire matter as to all parties and all claims*. Hulme failed to take appropriate and timely remedial measures to correct this mistake. The trial court found that Hulme's own passivity, inattention and untimely filings have been the hallmark throughout this litigation. Hulme offers no justification for his actions or inactions. Hulme's attempt to resurrect his discontinued claims is too little, too late in my view. The majority's disposition does not revive Hulme's claims, but merely severs the consolidated cases, which the trial court, rightly or wrongly, dismissed long ago.

For these reasons, I would affirm.

_____
MICHAEL H. WOJCIK, Judge