Tyrone BANKS, Appellant,

v.

CIVIL SERVICE COMMISSION.

Tyrone BANKS

v.

PHILADELPHIA PRISON SYSTEM, and the City of Philadelphia, Appellants.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 30, 1998.

Decided March 31, 1998.

Mark R. Zecca, Philadelphia, for appellants.

Robert S. Goggin, III, Philadelphia, for appellee.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the decision of the Civil Service Commission (Commission), which upheld the discharge of Tyrone Banks (Banks) by the City of Philadelphia and the Philadelphia Prison System (Philadelphia) on the grounds that he brought contraband into a correctional facility, is supported by substantial evidence. Because it is, the trial court decision of the Honorable Stephen Levin is reversed, and Banks' discharge stands.

The relevant facts are as follows. On March 13, 1996, the administration of the Curran–Fromhold Correctional Facility (CFCF) received information that Banks, a corrections officer at CFCF, was planning to bring 15 packs of cigarettes and a bundle of cocaine into the facility the following day. Shortly after his arrival at CFCF on the morning of March 14, 1996, as he assumed his post within the facility, Banks was escorted to the office of Deputy Warden Guadalupe. Banks was then searched and found to have three packs of cigarettes concealed in his socks. A subsequent search of Banks' locker revealed twelve additional packs of cigarettes in a paper bag. No cocaine was found.

Because possession of tobacco by either inmates or staff is prohibited at CFCF, Banks was ordered off the grounds of the facility and, on April 10, 1996, discharged from employment. Banks appealed the discharge to the Commission.

By decision dated October 17, 1996, the Commission denied Banks' appeal and upheld his discharge, on the grounds that Banks violated work rules by bringing contraband (cigarettes) into CFCF.

Banks appealed the Commission's decision to the Court of Common Pleas of Philadelphia County (trial court), which reversed the Commission on the grounds that "there is not substantial evidence ... to justify concluding that cigarettes are contraband in violation of a general order. The evidence merely establishes that the Curran–Fromhold Correctional Facility is a smoke-free facility...." The trial court then ordered

Banks reinstated, but without back pay. Both Banks and Philadelphia appealed the trial court's decision.

On appeal to this Court, Banks argues that the trial court erred in failing to award back pay in addition to ordering his reinstatement. Philadelphia argues that not only is back pay improper, but the trial court erred in reversing the decision of the Commission and reinstating Banks, because the Commission's decision was supported by substantial evidence. Because we agree with Philadelphia that the trial court erred in reversing the Commission on the grounds of lack of substantial evidence and ordering Banks' reinstatement, we need not reach the issue of back pay.[1]

As stated above, the Commission concluded that Banks violated CFCF's General Orders by bringing contraband into the facility. Specifically, General Order 1.45 prohibits "contraband" in the facility and defines "contraband" as follows:

> Contraband includes intoxicants, alcohol, drugs, weapons and any and all other objects which may in any way jeopardize the security, safety or stability of the prison, *or which are specifically prohibited.* (Emphasis added.)

Although not listed in General Order 1.45, cigarettes are *"specifically prohibited"* by a June 9, 1995 memorandum from Frank A. Hall, the Commissioner of Prisons, which was distributed to all CFCF staff and which reads as follows:

> The Curran–Fromhold Correctional Facility is a smoke-free facility. *All staff, inmates, and visitors are prohibited from smoking or bringing tobacco products, matches, and lighters into the facility....* (Emphasis added.)

Regarding the issue of whether Banks was aware that cigarettes were considered contraband, the Commission found *credible* the following testimony of Deputy Warden Guadalupe:

Q. You'll agree with me those Correctional Officers often have cigarettes on their person while at CFCF?

A. Not that—not if I'm aware of it.

Q. That's not what I'm asking you. You'll agree with me that often Correctional Officers have cigarettes on their person at CFCF?

A. If I—if we know for sure, then it's contraband—if we know you have it, then it's contraband....

\* \* \* \* \* \*

Q. Did each employee get a copy of that [June 9, 1995 memorandum]—would Mr. Banks have been aware of those policies or that policy?

A. Yes, he would.

Q. And how was he—was he given—were all employees given copies of those policies?

A. [D]efinitely they received copies of it, in addition to it being posted all over that institution.

Q. Okay. So as far as you know there is no reason then that [an] employee would not know—well, if I bring [cigarettes] in, even if I don't smoke them, something could happen to me.

A. No, it's impossible.

Finally, the Commission found *not credible* the testimony of Banks, who testified as follows:

Q. Did you know the Prison Policy of not bringing in cigarettes....

A. No.

Q. [I]n CFCF?

A. No, because they don't have one.

\* \* \* \* \* \*

Q. As far as you are concerned, Mr. Banks, is there a violation for bringing cigarettes in beyond the locker area?

A. No, sir.

In light of the foregoing, we conclude that there is substantial evidence in the record by which the Commission could have concluded,

---

1. Our review of a civil service commission adjudication is limited to determining whether constitutional rights have been violated, errors of law have been committed, or necessary findings of fact are unsupported by substantial evidence. *Lewis v. Civil Service Commission, City of Philadelphia,* 518 Pa. 170, 542 A.2d 519 (1988). Furthermore, in conducting this review, an appellate court, in order to reverse the decision of an administrative agency, must conclude that the findings of the agency are *totally* without support in the record. *Republic Steel Corporation v. Workmen's Compensation Appeal Board,* 492 Pa. 1, 421 A.2d 1060 (1980).

based on its resolution of credibility issues, that Banks violated General Order 1.45, which prohibits contraband within CFCF.

Accordingly, Philadelphia's appeal is granted, Banks' appeal is denied, and the decision of the Court of Common Pleas of Philadelphia County is reversed.

*ORDER*

AND NOW, this 31st day of March, 1998, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed.