# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James J. Loughran,                          :
                                            :
            v.                              :  No. 1378 C.D. 2015
                                            :  Argued: May 12, 2016
Valley View Developers, Inc.,               :
Zoning Hearing Board of Nether              :
Providence Township and Estate of           :
Milton Parker by and through its            :
Executor Howard Parker                      :
                                            :
Appeal of: Estate of Milton                 :
Parker, Inc.                                :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION BY**
**SENIOR JUDGE COLINS**                          **FILED:  August 17, 2016**


On appeal, the Estate of Milton B. Parker (Estate) argues that the Delaware County Court of Common Pleas (Trial Court) erred as a matter of law when it affirmed the January 9, 2015 order issued by the Nether Providence Township Zoning Hearing Board (ZHB) concluding that 306 West Rose Valley Road and 304 West Rose Valley Road (the Property) had merged into a single lot, thereby denying the Estate dimensional variances to construct a single-family residence on the Property.  For the following reasons, we hold that the merger of lots doctrine has no application to a nonconforming lot located in a jurisdiction where the zoning ordinance adopted by the local governing body does not contain a merger of lots provision and we reverse the order of the Trial Court and remand

to the Trial Court with instructions to remand this matter to the ZHB to issue a written decision granting or denying the dimensional variances requested by the Estate.[1]

By way of background, the instant matter concerns two lots located in Wallingford, Nether Providence, Delaware County Pennsylvania, which were originally part of a single parcel. The matter began when Valley View Developers (Applicant), which had an agreement to purchase the Property from the Estate, applied for dimensional variances to construct a new two-story dwelling on an undersized lot in the R-2 district. Applicant sought: (i) a variance of 2 plus or minus feet from the minimum side yard requirement of 20 feet; (ii) a variance of 38 plus or minus feet from the minimum side yard aggregate requirement of 60 feet; and (iii) a variance from the minimum lot size of 14,000 square feet (0.321 acres) to the existing lot area of 10,314 square feet (0.237 acres).

A hearing on Applicant's variances was held before the ZHB on May 15, 2006. At the hearing, Applicant represented that the Property was part of a three lot subdivision recorded in 1977. (2006 ZHB Hearing Transcript (2006 H.T.) at 4-5, 93a-94a.) The Township Solicitor stated he was not aware of whether the Property would have been undersized at the time of the subdivision. (2006 H.T. at 18, R.R. at 104a.) Appellee James J. Loughran appeared *pro se* and was granted party status. Mr. Loughran presented a petition opposing the variances signed by him, his wife, Jessica F. Loughran, and other neighboring property owners. (2006

---

[1] Where, as here, the Trial Court has not taken additional evidence, our scope of review is limited to determining whether the ZHB has committed an error of law or an abuse of discretion. *Hertzberg v. Zoning Board of Adjustment of City of Pittsburgh*, 721 A.2d 43, 46 (Pa. 1998). The issues before this Court for review present pure questions of law; therefore, our standard of review is plenary. *Lamar Advertising GP Co. v. Zoning Hearing Board of Adjustment of the City of Pittsburgh*, 997 A.2d 423, 438 (Pa. Cmwlth. 2010).

H.T. at 28-29, R.R. at 112a-113a.) Mr. Loughran testified that granting the zoning relief sought would change the character of the neighborhood and that he opposed any use of the Property because the lot was undersized. (*Id*.) At the conclusion of the hearing, the ZHB voted 3-2 in favor of the variances, but it did not issue a written decision in support of its vote containing findings of fact and conclusions of law.

On June 14, 2006, Mr. Loughran filed an appeal with the Trial Court on the basis that: (a) the December 1, 1976 subdivision plan was not properly recorded, rendering it invalid; (b) the variances are not the minimum variances that will afford relief; and (c) the ZHB acted outside of its authority by granting variance relief for a lot that had been improperly subdivided. On November 14, 2008, the Estate was granted party status as the successor-in-interest to Applicant. On June 21, 2009, Mr. Loughran filed a Petition to Remand to the ZHB arguing that the subdivision creating the Property was not subdivided in accordance with the Municipal Planning Code[2] (MPC) and that, even if the subdivision was valid, the Property may have merged with 306 West Rose Valley Road. On June 4, 2009, the Trial Court remanded the matter to the ZHB. (June 4, 2009, Trial Court Remand Order.) Prior to the hearing before the ZHB, the Estate filed a motion to vacate the remand order, which was denied by the Trial Court.

On December 19, 2011, the ZHB held a second hearing on the variance request to address the issues raised by the Trial Court's remand order. On January 9, 2012, the ZHB issued an order and on January 20, 2012 the ZHB issued a decision containing findings of fact and conclusions of law. In its order, the ZHB

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

3

voted 3-1 on a motion stating that the Property was not properly subdivided and does not exist as a single lot. (January 9, 2012 ZHB Order.)

In making its findings, the ZHB identified a 2003 Deed consolidating ownership of the two lots as the key document missing from the original hearing. (ZHB Decision, F.F. ¶36.) In its conclusions of law, the ZHB focuses on 2006, when 306 West Rose Valley Road was sold to Carl W. Kavalkovich by the Estate, as the point in time when an illegal subdivision took place because 306 West Rose Valley Road had merged with the Property prior to 2006. (ZHB Decision, Conclusions of Law (C.L.) ¶7.) In its conclusions of law, the ZHB noted the absence of a merger provision in the Nether Providence Township zoning ordinance but did not find the presence or absence of a merger provision to be determinative of whether merger had taken place. (ZHB Decision, C.L. ¶¶1-3.) The ZHB also concluded that the issue of whether or not the lots had merged was material to the request for variances and to the Trial Court's remand. (ZHB Decision, C.L. ¶7.)

The Estate filed a notice of appeal from the ZHB's decision following remand. On June 30, 2015, the Trial Court denied the appeal and affirmed the decision and order issued by the ZHB following remand. The Estate appealed to this Court and the Trial Court issued a Rule 1925(a) opinion on October 7, 2015. The Trial Court concluded that there was substantial evidence in the record to support the conclusion that the Property and 306 West Rose Valley Road had merged into a single property. Neither the Trial Court nor the ZHB found or concluded that the 1977 subdivision of the Property was improper; rather the ZHB and the Trial Court both concluded that the Property had merged with 306 West

4

Rose Valley Road subsequent to the 1977 subdivision to create a single continuous lot.[3]

The Estate argues that the ZHB and Trial Court erred as a matter of law by applying the merger of lots doctrine[4] to deny dimensional variances to construct a residence on the Property because the Property is located in a

---

[3] Mr. Loughran continues to dispute the validity of the 1977 subdivision creating 302 West Rose Valley Road, the Property, and 306 West Rose Valley Road. This issue was not raised at the initial hearing before the ZHB and, therefore, has been waived. Mr. Loughran contends that he could not have raised the legality of the subdivision before the ZHB by exercising due diligence because Applicant failed to apprise the ZHB that the subdivision was invalid. This argument is circular; in addition, Mr. Loughran's argument that he exercised due diligence is belied by the fact that the bounds and description of 302 West Rose Valley Road, Mr. Loughran's own property, is defined in his deed by reference to the Plan of Property creating the subdivision. Even if Mr. Loughran had not waived his challenge to the original subdivision plan, at no point during this extensive litigation was the conclusion reached that the 1977 subdivision was invalid or were facts presented that would support this conclusion. Instead, both the ZHB and the Trial Court concluded that the two lots had merged prior to 2006, a conclusion that could not be reached if the lots had never been subdivided. Because we conclude that Mr. Loughran waived his challenge to the 1977 subdivision by raising this issue for the first time on appeal to the Trial Court, we need not address whether Mr. Loughran was required to file a cross-appeal pursuant to Pennsylvania Rule of Appellate Procedure 511 to preserve this issue for review by this Court. Pa. R.A.P. 511, *note* (the 2002 amendments to the rule did not remove the requirement that a party file a cross-appeal; instead, the amendments clarified that a party must file a cross-appeal when it is aggrieved and that the determination of whether a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party); *see Tri-County Landfill, Inc. v. Pine Township Zoning Hearing Board*, 83 A.3d 488, 507-510 (Pa. Cmwlth. 2004) (objectors were aggrieved by the ZHB's determination that appellant had a nonconforming right to its use of the property and were required to file a cross-appeal on this issue, even though objector was not aggrieved by the ZHB's denial of appellant's dimensional variance).

[4] The doctrine of merger of lots, which is concerned with the physical merger of parcels of land, should not be confused with the doctrine of merger of estates, which provides that a lesser estate is merged into a greater estate whenever the two estates meet in the same person; merger of estates has no application in zoning law. *Township of Middletown v. Middletown Township Zoning Hearing Board*, 548 A.2d 1297, 1299 (Pa. Cmwlth. 1988).

jurisdiction that has not adopted a merger of lots provision in its zoning ordinance.[5] We agree.

The MPC enables municipalities throughout the Commonwealth to enact zoning and subdivision ordinances. The MPC is permissive; rather than requiring municipalities to enact land use ordinances, the MPC grants a municipality the power to determine whether zoning and subdivision ordinances should be adopted and establishes substantive and procedural requirements a municipality must follow if it decides to exercise this power. The structure of the MPC protects and promotes interests shared by the Commonwealth as a whole, while granting each local municipality the authority and autonomy to craft zoning ordinances that protect and promote interests which predominate within its own bounds. The development and use of land varies widely throughout the Commonwealth; restrictions one municipality may find beneficial for its community may be of no moment to another.

---

[5] The Estate also argues that the issue of whether 306 West Rose Valley Road had merged with the Property was waived by Mr. Loughran because he failed to raise it at the initial May 15, 2006 hearing before the ZHB where Applicant sought dimensional variances to construct a single-family residence on the Property. We disagree. The request for a dimensional variance is a request to adjust the zoning regulations of the district in which the property is located to allow for use of the property in a manner consistent with the permitted use(s) in that district. *Tidd v. Lower Saucon Township Zoning Hearing Board*, 118 A.3d 1, 8 (Pa. Cmwlth. 2015). Under the MPC, a variance may only be granted if an applicant has shown that the zoning regulations have created an unnecessary hardship unique to the property rather than a hardship impacting the zoning district as a whole. *Valley View Civic Association v. Zoning Board of Adjustment*, 462 A.2d 637, 640 (Pa. 1983). In order to establish that there is an unnecessary hardship unique to the property, an applicant must demonstrate that five criteria specified by the MPC have been met, including that the hardship is due to unique physical conditions peculiar to the property. Section 910.2 of the MPC, added by Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2. Mr. Loughran objected to any use of the Property because of its size. This challenge was sufficient to preserve the issue of merger of lots; if the Property had merged to form one larger property then the Property would not be undersized and the Estate would not be entitled to zoning relief due to unique physical conditions peculiar to the Property.

6

Our interaction with land, expressed through use and development, is constantly changing over time. This change begets nonconformance where what was desirable by a community at one point in time falls out of favor, boundaries change, and needs vary.[6] Nonconformance creates a great challenge for the regulation of land, often putting the needs of the past in conflict with those of the present or future and the rights of an individual landowner in conflict with the rights and expectations of the landowner's neighbors or community. The particular issue of nonconformance we are concerned with in the instant matter is nonconformance that arises when one of two separate yet contiguous lots held by the same owner has been rendered undersized by the passage of an ordinance requiring a larger lot size than what was previously required for the permitted use in the zoning district where the lots are located; in such instances, the undersized lot becomes a "nonconforming lot." Many municipalities within the Commonwealth have adopted provisions in their zoning ordinances specifically aimed at addressing this event, often by requiring that the nonconforming lot merge with the commonly held adjoining lot in order to create one contiguous lot that is in conformity with the applicable zoning ordinance.[7] Yet, adoption of a

---

[6] The MPC identifies and defines three distinct types of nonconformance: a nonconforming lot; a nonconforming structure; and a nonconforming use. Section 107 of the MPC, 53 P.S. § 10107. The instant matter is concerned with a nonconforming lot. A "nonconforming lot" is defined by the MPC as "a lot the area or dimension of which was lawful prior to the adoption or amendment of a zoning ordinance, but which fails to conform to the requirements of the zoning district in which it is located by reasons of such adoption or amendment." *Id*.

[7] *See, e.g., Cottone v. Zoning Hearing Board of Polk Township*, 954 A.2d 1271, 1278 (Pa. Cmwlth. 2008) (*quoting* Polk Township Zoning Ordinance, art. 5 § 5.9(c)(2)(b) and (c)); *Montoro v. Bethlehem Township Zoning Hearing Board*, 574 A.2d 116, 118-119 (Pa. Cmwlth. 1990) (examining the application of Section 1300.3 of the Bethlehem Township Zoning Ordinance); *Rogers v. Zoning Hearing Board of East Pikeland Township*, 520 A.2d 922, 925 (Pa. Cmwlth. 1987) (*quoting* East Pikeland Township Zoning Ordinance § 1201); *Appeal of*

7

merger of lots provision is not the only avenue available to local municipalities in the event that a nonconforming lot is created by changes to the zoning ordinance. Many municipalities within the Commonwealth have declined to adopt ordinances specifically addressing nonconformance or requiring merger of adjacent lots held by the same owner in the event that a zoning ordinance renders one of those lots nonconforming, preferring instead to address nonconformance through the process established by the MPC for issuing variances. In each instance, the decision to adopt or forgo a merger provision is a decision that requires the governing body of the local municipality to balance a host of often competing interests and settle upon the policy that is deemed most beneficial for the particular needs of the community the governing body serves.

In instances where a local governing body has adopted a provision addressing merger of lots, disputes arising from the application and effect of these ordinances have often reached the courts, particularly where the issue is focused upon whether the conforming and nonconforming lots have been held in single and separate ownership. From the plethora of cases interpreting and applying like local merger of lots ordinances, uniform standards and principles have emerged, which have coalesced into a merger of lots doctrine.[8] However, this merger of lots

_Dodge_, 402 A.2d 273, 275 (Pa. Cmwlth. 1979) (examining the application of Section 2001-B of the Upper Merion Township Zoning Ordinance).

[8] Pursuant to the merger of lots doctrine, a merger of lots provision in the applicable ordinance is the starting point in the analysis of whether merger has taken place. _Cottone_, 954 A.2d at 1276-1277. If a municipality has adopted a merger of lots provision, the next step is to determine the effective date of the ordinance provision that has altered the area or dimension of conforming lots, as the effective date generally controls which party carries the evidentiary burden. _In re Moyer_, 978 A.2d 405, 409 (Pa. Cmwlth. 2009); _Cottone_, 954 A.2d at 1276-1277; _West Goshen Township v. Crater_, 538 A.2d 952, 954-955 (Pa. Cmwlth. 1988). The burdened party must then establish an overt, unequivocal physical manifestation of the owner's intent to integrate or to keep separate commonly held adjoining lots. _Tinicum Township v. Jones_, 723 A.2d 1068, 1072 (Pa. Cmwlth. 1998) (the burdened party demonstrated an objective intent to keep the two lots

doctrine is only triggered where a local municipality has adopted a merger of lots provision. It is axiomatic that merger of lots shall not be presumed merely because two adjoining lots come into common ownership; first and foremost, merger of lots is a creature of local ordinance, not common law. *Tinicum Township v. Jones*, 723 A.2d 1068, 1071 (Pa. Cmwlth. 1998); *Township of Middletown*, 548 A.2d at 1300. A merger presumption would create an irrational distinction based on ownership by prohibiting a landowner from purchasing and using an adjoining lot despite its use being open to all other purchasers. *Parkside Associates, Inc. v. Zoning Hearing Board of Montgomery Township*, 532 A.2d 47, 49 (Pa. Cmwlth. 1987). A merger presumption would contravene the longstanding principle that whether or not a lot retains an exception from conformance because its area or dimension predates a zoning ordinance is not personal to the owner, but runs with the land. *Parkside Associates,* 532 A.2d at 49; *see also In re Moyer*, 978 A.2d 405, 412 (Pa. Cmwlth. 2009). Moreover, a presumption that merger of lots occurs whenever two adjoining lots come into common ownership would have widespread confiscatory effects and would risk sterilizing significant swaths of land throughout the Commonwealth. *Jacquelin v. Horsham Township*, 312 A.2d 124, 126 (Pa. Cmwlth. 1973); *compare Hunt v. Zoning Hearing Board of Conewago Township*, 61 A.3d 380, 384 (Pa. Cmwlth. 2013) (discussing validity variances).

Despite the absence of a merger presumption, application of the merger of lots doctrine by courts analyzing the effect of merger of lots ordinances adopted by local communities on nonconforming lots has fueled confusion

---

separate); *West Goshen,* 538 A.2d at 955 (the burdened party failed to demonstrate an objective intent to keep the lots separate; instead, the two lots had merged); *see also, e.g., Alpine, Inc. v. Abington Township Zoning Hearing Board*, 654 A.2d 186, 189 (Pa. Cmwlth. 1995); *Price v. Bensalem Township Zoning Hearing Board*, 569 A.2d 1030, 1034 (Pa. Cmwlth. 1990); *Lebeduik v. Bethlehem Township Zoning Hearing Board*, 596 A.2d 302, 305 (Pa. Cmwlth. 1991).

regarding the application of this doctrine to restrict the use of nonconforming lots in the absence of an ordinance provision adopted by the local governing body. In two unreported cases, *Batchelder v. Philadelphia Zoning Board of Adjustment*, (Pa. Cmwlth. No. 945 C.D. 2014, filed June 5, 2015), 2015 WL 5446668, slip. op. and *Black v. Zoning Hearing Board of Township of Cheltenham*, (Pa. Cmwlth. No. 1732 C.D. 2007, filed July 16, 2008), 2008 WL 9398993, slip. op, this Court addressed argument put forth by appellants that the merger of lots doctrine, as drawn from case law, applied even though the local municipalities had not adopted merger of lots provisions. In both *Batchelder* and *Black*, we held that the issue was immaterial because, even assuming arguendo that the merger of lots doctrine applied absent a specific ordinance provision, the burdened party had failed to meet its evidentiary burden by demonstrating a physical manifestation upon the land of the owners' intent to merge the conforming and nonconforming lots. *Batchelder*, slip. op. at 23; *Black*, slip. op. at 6. Neither *Batchelder* nor *Black* held that the merger of lots doctrine was applicable in jurisdictions where the governing body had not adopted a merger provision.

In *Springfield Township v. Halderman*, 840 A.2d 528 (Pa. Cmwlth. 2004), the landowners acquired two lots by a single deed containing a separate legal description for each lot and subsequently deeded the two lots back to themselves via two separate deeds. *Id*. at 529. The municipality in which the land was located filed suit against the landowners alleging that the separate deeds constituted an illegal subdivision. *Id*. at 530. The trial court concluded that an illegal subdivision had taken place, relying on the merger of lots provision in the municipality's zoning ordinance, which provided:

> Where two or more adjacent lots, one or more of which is non-conforming, are owned by the same owner, and the ownership of the lots is concurrent, such lots shall be combined to create conforming lots, or to lessen the nonconformity if it is not possible to create all conforming lots.

*Id*. (*quoting* Springfield Township Zoning Ordinance § 1101(C)). This Court reversed the trial court, holding that the merger of lots provision of the ordinance was inapplicable because neither lot was nonconforming as to area or dimension. *Halderman*, 840 A.2d at 531. In reaching its holding, this Court, characterizing the municipality's merger provision, stated, "[t]his provision, in essence, codifies the case law doctrine of merger." *Id*. at 530. Yet, in so stating this Court was not identifying the common law as a source of authority for merger of lots where two adjoining lots are held in common ownership and one of the lots is nonconforming; rather, this Court was distinguishing the analysis applicable when a merger of lots ordinance controls the question before it as inapplicable to the actual legal issue controlling in *Halderman*.

In sum, analysis by the courts of the effect of merger provisions adopted by local governing bodies on adjoining lots held in common ownership when one of the lots is rendered nonconforming by a subsequent zoning ordinance has given rise to a merger of lots doctrine. However, this body of law has no application in the absence of a merger of lots provision in the zoning ordinance adopted by the local governing body in the jurisdiction where the lots are located. The common law may not be employed to restrict the use of nonconforming lots; any restriction is purely statutory and is a matter committed to the legislative discretion of local governing bodies by the MPC.

11

Nether Province Township does not have a provision within its zoning ordinance requiring two adjacent lots held in common ownership to merge when one of the lots has been rendered undersized by the passage of a zoning ordinance requiring a larger lot size for the use permitted in the zoning district where the lots are located. The Property at issue in the instant matter is located in a single-family residential district, the lot is under the size required to construct a single-family residence, and the Property was held by the same owner as an adjoining lot at the time it was rendered undersized by passage of a zoning ordinance requiring a larger lot size to construct a single family residence. Therefore, the Estate requested a dimensional variance in order to adjust the applicable zoning regulations to allow for reasonable use of the Property.

The ZHB and the Trial Court concluded that because the governing body of Nether Province Township had not adopted a merger of lots provision, the issue of whether the Property had merged with the adjoining lot or was an undersized nonconforming lot entitled to zoning relief had to be decided by applying the standards and principles gleaned from cases originating within municipalities that had adopted a merger of lots provision. This was error. Absent a merger of lots provision in a municipality's land use ordinance, the merger of lots doctrine is inapplicable. Therefore, we conclude that the Trial Court erred in remanding this matter to the ZHB to make additional factual findings to determine whether a merger of lots had taken place, the ZHB erred in determining that 306 West Rose Valley Road and the Property had merged, and the Trial Court erred in affirming the ZHB's determination.

This, however, is not the end of the matter. The ZHB has yet to issue a written decision granting or denying the dimensional variances requested by the

12

Estate. It is incumbent upon the ZHB to determine in the first instance whether the Estate has established that the five criteria specified by the MPC for grant of dimensional variances has been met, including that the variances sought are the minimum variances that will afford relief and the least modification of the applicable zoning regulation.[9] Accordingly, we reverse the order of the Trial Court and remand with instructions to remand this matter to the ZHB to issue a written decision granting or denying the Estate dimensional variances to construct a single-family residence on the Property.

_____

**JAMES GARDNER COLINS, Senior Judge**

---

[9] The MPC requires that an applicant demonstrate that: (i) there are unique physical conditions peculiar to the property and that the unnecessary hardship is due to those conditions; (ii) because of the physical conditions, there is no possibility that the property can be developed in strict conformity with the zoning ordinance and that a variance is needed to enable reasonable use of the property; (iii) unnecessary hardship has not been created by the applicant; (iv) the variance is not detrimental to the public welfare; and (v) the variance is the minimum variance that will afford relief and is the least modification of the regulation at issue. 53 P.S. § 10910.2.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James J. Loughran,                              :
                                                :
          v.                                    :  No. 1378 C.D. 2015
                                                :
Valley View Developers, Inc.,                   :
Zoning Hearing Board of Nether                  :
Providence Township and Estate of               :
Milton Parker by and through it's               :
Executor Howard Parker                          :
                                                :
Appeal of: Estate of Milton                     :
Parker, Inc.                                    :

## ORDER

AND NOW, this 17th day of August, 2016, the Order of the Delaware County Court of Common Pleas in the above-captioned matter is hereby REVERSED and REMANDED to the Court of Common Pleas of Delaware County with instructions to REMAND to the Nether Providence Township Zoning Hearing Board to issue a written decision containing findings of fact and conclusions of law granting or denying the dimensional variances requested by the Estate of Milton Parker, Inc., as the successor-in-interest to Valley View Developers, Inc.

Jurisdiction relinquished.

_____

**JAMES GARDNER COLINS, Senior Judge**