IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Land Company,       :
                Appellant       :
      :
      v.       : No. 714 C.D. 2018
      : ARGUED: October 15, 2018
Zoning Board of Adjustment       :
of The City of Pittsburgh,       :
City of Pittsburgh and Daniel       :
Guttman       :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                    HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                           FILED: November 8, 2018

Appellant Samuel Land Company (Appellant) appeals from the Court of Common Pleas of Allegheny County's (Trial Court) April 18, 2018 Order affirming the Zoning Board of Adjustment of the City of Pittsburgh's (Board) September 17, 2017 decision denying Appellant's request for dimensional variances, which Appellant sought to further a development proposal of real property located at 355 Lehigh Avenue in Pittsburgh, Pennsylvania, (Property). We vacate and remand to the Trial Court with instructions regarding disposition of this matter.

The Property, which is zoned R2-M, is comprised of two contiguous lots (Lot 22 and Lot 23) which were created on September 20, 1872 through the subdivision of part of a larger piece of land known as the Woodwell Property. Record (R.) at 79. Each of these two lots is 25' by 120' (*i.e.*, 3,000 square feet) in size. *Id.* Lot 22 and Lot 23 eventually came to be owned by the Nash family, who sold both lots to Appellant in April 1984. *Id.* at 75-78.

The record reflects that the Property has been treated, at various points throughout the years, as both one unified plot and two separate parcels. Prior to purchasing the Property, Appellant, acting on behalf of then-owner Beatrice Nash Marshall, sought and received dimensional variances for the Property in early 1984 regarding occupancy and setback requirements. This allowed the Property to turn an existing two-family home on Lot 22 into one that could accommodate three families. *Id.* at 83-88. Appellant described the Property in the 1984 variance application as covering 6,000 square feet and included a sketch labelling the entire 50' by 120' area as "Lot # 227." *Id.* at 83-86.[1] In addition, Allegheny County has given the Property one identification number for tax assessment purposes, 84-K-227, rather than providing Lot 22 and Lot 23 with their own respective and unique numbers. *Id.* at 81. However, the 1984 deed of sale between Ms. Marshall and Appellant describes the Property as being "[a]ll those two certain lots or places of ground situate[d] in the Seventh (formerly Twentieth) Ward, of the City of Pittsburgh, County of Allegheny, and State of Pennsylvania, being lots marked and numbered Twenty-two (22) and Twenty-three (23) in Woodwell's Plan of Lots[.]" *Id.* at 75.

On February 20, 2017, Appellant filed an application with the Board, in which it requested dimensional variances regarding lot size and setback requirements, in furtherance of its desire to build a two-unit residential building upon Lot 23. *Id.* at 57-60; Appellant's Br. at 9.[2] The Board held a hearing regarding Appellant's

---

[1] Appellant likely described the Property in this manner due to Pittsburgh's then-active requirement that a multi-family home could not be situated on a lot smaller than 6,000 square feet. *See* R. at 156 (former Pittsburgh Zoning Code § 985.13 (1958), titled "Minimum Lot Area for Multiple-Family Dwellings."). Currently, Lot 22 contains a three-unit apartment building, while Lot 23 is undeveloped. R. at 98.

[2] Pittsburgh's Zoning Code currently requires all properties zoned R2-M to have an overall minimum lot size of 3,000 square feet and a minimum lot size per unit of 1,800 square feet. Pittsburgh Zoning Code § 903.03.C.2 (1999). Appellant's requested lot size variance, if it had been

variance application on June 22, 2017.[3]  On September 14, 2017, the Board issued a decision denying the application. Therein, the Board cited *Cottone v. Zoning Hearing Board*, 954 A.2d 1271 (Pa. Cmwlth. 2008), which it interpreted as standing for the proposition that "[w]here two abutting lots under common ownership are rendered undersized by the passage of a zoning ordinance, it is a rebuttable presumption that the lots have become one." Board's Findings of Fact and Conclusions of Law at 3. The Board found that Appellant had failed to rebut the presumption that Lots 22 and 23 had merged into one unified 6,000-square-foot lot, covering the entirety of the Property, and was thus improperly pursuing dimensional variance relief from a hardship of its own making (*i.e.* seeking to subdivide the Property into undersized lots and then obtain permission to build residences at a greater per-unit density than authorized by the Zoning Code). *Id.* at 3-4. In addition, the Board determined that Appellant had not offered

> evidence of any kind of unique condition associated with the . . . Property, as required under the variance standards, and failed to identify any kind of hardship that would prevent use of the [P]roperty for the uses permitted in R2-M Districts or for the continued use of the [P]roperty for 3 [residential] units, as allowed pursuant to the 1984 Certificate of Occupancy.

---

approved by the Board, would have enlarged Lot 22's size to 3,248 square feet, while correspondingly decreasing Lot 23's size to 2,752 square feet. *See* R. at 97. Consequently, Lot 22 would have approximately 1,083 square feet of area per residential unit, while Lot 23 would have 1,376 square feet of area per residential unit. Board's Findings of Fact and Conclusions of Law at 2.

[3] Appellee Daniel Guttman (Guttman), "owner and resident of 351 Lehigh Avenue, appeared at the hearing in opposition to the requested variances, citing concerns related to the potential impact of the proposed structures [upon] the circulation of the light and air, and his enjoyment of his property." Board's Findings of Fact and Conclusions of Law at 3.

*Id.* at 5. The Board also concluded that Appellant's sought-after relief from the Zoning Code's lot size requirements would constitute "significant deviations . . . [that] would have a detrimental impact on the essential character of the [surrounding] neighborhood." *Id.*[4]

Appellant then appealed the Board's decision to the Trial Court on October 13, 2017. The Trial Court took no additional evidence and subsequently affirmed the Board on April 18, 2018, holding that the Board had properly determined that Lots 22 and 23 had merged pursuant to *Cottone*. Tr. Ct. Op. at 4-5. The Trial Court dismissed Appellant's argument, per *Loughran v. Valley View Developers*, 145 A.3d 815 (Pa. Cmwlth. 2016), that the merger of lots doctrine was inapplicable here due to the fact it was not codified in the Zoning Code. The Trial Court interpreted the *Loughran* holding as recognizing that an adverse party can establish that merger has occurred by offering evidence regarding a property owner's actions and intent, even where the relevant municipality has not expressly adopted the merger doctrine. Tr. Ct. Op. at 5. Additionally, the Trial Court agreed that Appellant had failed to show the Property's unique characteristics justified the granting of a dimensional variance regarding lot size, noted that a variance request cannot be based upon the mere desire

---

[4] The Board denied Appellant's request for dimensional variances from the Zoning Code's setback requirements as well, opining that this was necessary because the Board had declined to grant variances from the aforementioned lot size strictures. Board's Findings of Fact and Conclusions of Law at 5.

to maximize the financial return from a property, and found that the desired lot size variances were not *de minimis* in nature. *Id.* at 6-7.[5] This appeal followed.[6]

Appellant argues, in essence, that the Board erred by improperly determining that Lots 22 and 23 had merged, despite the lack of a merger provision in the Zoning Code, and by denying Appellant's dimensional variance requests on the basis of that original, erroneous determination. *See* Appellant's Br. at 14-21.

We agree. As we stated in *Loughran*,

> [***The***] ***merger of lots doctrine is only triggered where a local municipality has adopted a merger of lots provision.*** It is axiomatic that merger of lots shall not be presumed merely because two adjoining lots come into common ownership; first and foremost, merger of lots is a creature of local ordinance, not common law. A merger presumption would create an irrational distinction based on ownership by prohibiting a landowner from purchasing and using an adjoining lot despite its use being open to all other purchasers. A merger presumption would contravene the longstanding principle that whether or not a lot retains an exception from conformance because its area or dimension predates a zoning ordinance is not personal to the owner, but runs with the land. Moreover, a presumption that merger of lots occurs whenever two adjoining lots come into common ownership would have widespread confiscatory effects and would risk sterilizing significant swaths of land throughout the Commonwealth.

---

[5] The Trial Court also mentioned, without additional comment, that "the Board found that the requested deviations would have a detrimental impact on the essential character of the neighborhood." Board's Findings of Fact and Conclusions of Law at 7.

[6] Where a trial court takes no additional evidence in a zoning matter, our standard of review is restricted to determining whether the relevant local administrative agency committed an abuse of discretion, *i.e.*, made a decision not backed by substantial evidence, or an error of law. *Larsen v. Zoning Bd. of Adjustment of City of Pittsburgh*, 672 A.2d 286, 288-89 (Pa. 1996); *see also Banks v. Civil Serv. Comm'n*, 708 A.2d 890, 891 n.1 (Pa. Cmwlth. 1998) ("[I]n order to reverse the decision of [a local] agency, [an appellate court] must conclude that the findings of the agency are *totally* without support in the record.") (emphasis in original).

145 A.3d at 821-22 (emphasis added) (citations omitted).[7] Thus, given that Pittsburgh has not incorporated a merger provision into its Zoning Code, the Board erred by determining that Lots 22 and 23 had merged, and the Trial Court erred in affirming the Board's decision.[8] Consequently, we vacate the Trial Court's April 18, 2018 Order and remand to the Trial Court, with instructions to further remand this matter to the Board for a determination of whether, in light of Lots 22 and 23 retaining their identities as separate lots, Appellant is entitled to the dimensional variances it desires regarding the applicable lot size and setback requirements.

_____
ELLEN CEISLER, Judge

Judge McCullough did not participate in the decision of this matter.

---

[7] *Loughran* emanated from a jurisdiction that, unlike Pittsburgh, is governed by the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202 (MPC). *See Lamar Advantage GP Co. v. Zoning Hearing Bd. of Adjustment of City of Pittsburgh*, 997 A.2d 423, 435 (Pa. Cmwlth. 2010) ("[T]he MPC does not apply to appeals of decisions of the [City of Pittsburgh's] ZBA."). Even so, *Loughran*'s holding that the merger of lots doctrine is a creature of statute, rather than common law, is still applicable here.

[8] Appellees baldly claim that "the Zoning Code allows for the merger of two lots into a single 'zoning lot'" but do not point to any specific provision in the Zoning Code that supports this assertion. *See* Guttman Br. at 19; City of Pittsburgh's Joinder Br. at 1 ("The City of Pittsburgh hereby joins in the entire brief filed on August 15, 2018 by Daniel Guttman. The City of Pittsburgh will not be filing its own brief.").

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Land Company, : 
               Appellant : 
                         : 
         v.            :  No. 714 C.D. 2018
                         : 
Zoning Board of Adjustment : 
of The City of Pittsburgh, : 
City of Pittsburgh and Daniel : 
Guttman : 

## O R D E R

AND NOW, this 8th day of November, 2018, the Court of Common Pleas of Allegheny County's (Trial Court) April 18, 2018 Order is hereby VACATED. This matter is REMANDED to the Trial Court, with instructions to remand to the Zoning Board of Adjustment of the City of Pittsburgh for proceedings consistent with this Opinion.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge