IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John E. Trivelpiece, Tammy J. Trivelpiece, and Holli Trivelpiece, Appellants | : : : : | |
| v. | : : | |
| Briar Creek Borough Zoning Hearing Board | : : : | |
| v. | : : : | No. 56 C.D. 2024 |
| Jordan Smith | : | Argued: April 13, 2026 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE STACY WALLACE, Judge

OPINION
BY JUDGE FIZZANO CANNON                 FILED: May 7, 2026

John E. Trivelpiece, Tammy J. Trivelpiece, and Holli Trivelpiece (jointly, Objectors) appeal from an order of the Court of Common Pleas of Columbia County (Common Pleas) dated December 28, 2023. Common Pleas dismissed Objectors' appeal and thereby affirmed a decision of the Briar Creek Borough Zoning Hearing Board (Board) dated April 27, 2023, which granted a special exception to Jordan Smith (Applicant). After careful review, we reverse Common Pleas' order.

**I. Background**

Applicant owns a property in Briar Creek containing 2.43 acres. Br. of Appellants, Appendix C (Bd. Dec.) at 1; Reproduced Record (RR) at 248a. On the

deed, the property consists of two separately described tracts. Bd. Dec. at 1; RR at 248a; *see also* RR at 329a (site plan showing two tracts). The zoning is VC, Village Commercial. Bd. Dec. at 1; RR at 231a (BRIAR CREEK BOROUGH, PA. ZONING ORDINANCE (2014) (Zoning Ordinance) zoning map). VC zoning is aimed at residential uses along with small businesses meant to conveniently provide for everyday needs, such as service businesses not generating much noise, light, or traffic. RR at 80a; Zoning Ordinance § 600. The previous owner of the property had a window supply and sales business that constituted a preexisting nonconforming use.[1] RR at 234a & 240a. Record evidence of the extent of any manufacturing or assembly that took place on the property is scant and inconclusive. *See, e.g.*, RR at 240a, 242a & 247a (testimony of uncertainty concerning previous nonconforming use by window business). Nonetheless, the Board found as a fact that the "property was formerly used for various commercial activities, including but not limited to, window manufacturing." Bd. Dec. at 1.

Since Applicant's purchase of the property, he has used it "for welding and other related commercial activities associated with [his] business." Bd. Dec. at 1. He testified that most of his work and that of his several employees takes place

---

[1] Section 103.1 of the Zoning Ordinance provides: "Any legally established existing use of a building, structure, lot or parcel of land or part thereof, as of the effective date of this Ordinance may be continued." Zoning Ordinance § 103.1. Similarly, Section 1300.1A confirms that

> if, prior to the adoption of the original . . . Zoning Ordinance, . . . property was used for a then lawful purpose or in a then lawful manner which the Zoning Ordinance would render thereafter prohibited and nonconforming, such property is generally held to have acquired a vested right to continue such nonconforming use or nonconforming structure.

Zoning Ordinance § 1300.1A.

offsite at customers' places of business. RR at 237a-38a. The current building housing Applicant's business is located on the smaller of the two tracts on the deed (first tract). RR at 248a; *see also id.* at 329a (site plan showing existing building on first tract).

Applicant wants to build an addition of about 2,200 square feet onto the main structure for the business. Bd. Dec. at 1. Applicant alleges that the addition would merely be for "storage" and would not change the current use. RR at 236a-40a. However, Applicant recently purchased a large industrial brake press for his business, which would be housed in the proposed addition. *Id.* at 242a & 326a. On cross-examination, Applicant admitted the brake press would be used onsite, in contrast to his direct testimony that most of the business's work is done on customers' premises and that the proposed addition would be solely for storage. *See id.* at 241a & 243a; *see also* RR at 326a (photograph and caption referring to the anticipated "small addition" to the building and stating that the addition will "accommodate" the "400[-]ton brake pres[s] and shear"[2] so that they can be "operational").

Applicant acknowledged at the Board hearing that the addition would be located mainly on the larger tract (second tract) rather than the first tract. RR at 248a; *see also id.* at 329a (site plan showing proposed addition almost completely on second tract). In anticipation of the addition, Applicant built a substantially sized driveway, also on the second tract, without seeking the required driveway permit. *See id.* at 249a & 250a; *see also id.* at 329a (site plan showing gravel driveway on second tract). It appears a permit was granted sometime after the fact, although Objectors question the propriety of the driveway placement under the Zoning

---

[2] Despite having purchased the "shear," Applicant testified that he no longer planned to operate it on the property. RR at 242a-43a.

3

Ordinance.[3]  *See id.* at 250a.  Applicant also placed an outbuilding, which he described as a "shed" but which is 14 by 40 feet in size, on the second tract.[4]  *Id.* at 236a-37a.  The "shed" rests on gravel and is not affixed to the real property.  *Id.* at 237a.

The Board decided that Applicant's current use is a qualifying nonconforming use to which he is entitled.  Bd. Dec. at 1.  The Board apparently treated the property as one zoning lot because both tracts are on one deed, although they have separate metes and bounds descriptions.  *See* RR at 248a & 329a.  The record does not reflect any consideration by the Board of whether the two tracts have merged for zoning purposes; the Board seems merely to have assumed it.  The Board decided that Applicant's proposed addition would be an expansion of his existing nonconforming use that would require only a special exception, not a variance.  Bd. Dec. at 1.  After a hearing, the Board granted the special exception, with some

---

[3] Section 1300.2 of the Zoning Ordinance provides that

> [a]ny lot, structure or use created, constructed or established after the effective date of the original Zoning Ordinance, as amended, reenacted and replaced, which does not conform to the applicable requirements shall be considered an illegal lot, structure or use subject to the penalties prescribed by this Ordinance, and the said lot, structure or use shall not be entitled to any of the protections afforded to legal, pre-existing nonconforming lots, structures or uses.

Zoning Ordinance § 1300.2.

[4] Notably, the Zoning Ordinance defines a "shed" as "[a] detached accessory structure used for the storage of tools, minor equipment, and materials, but ***too small for the storage of an automobile***."  Zoning Ordinance § 202 (emphasis added).  A structure 14 by 40 feet in size is large enough to store an automobile, depending on the size of its entry opening.  In light of our disposition of the merger issue below, however, we need not decide whether the "shed" meets the Section 202 definition.

4

conditions to limit lights, sounds, dust, and odors transmitted to neighboring properties. *Id.* at 3.

Objectors appealed the Board's decision to Common Pleas, which affirmed without taking any additional evidence. Br. of Appellants, Appendix A. Objectors' appeal to this Court followed. On July 25, 2025, this Court issued an order directing the parties to submit supplemental briefs addressing whether a merger for zoning purposes has occurred regarding the two tracts and whether the nonconforming use on one tract may be expanded onto the adjacent tract, inasmuch as both tracts were conveyed to Applicant on one deed. The parties have filed their supplemental briefs and argued their respective positions, and this matter is now ripe for review and disposition by this Court.

## II. Issues

Objectors raise three issues on appeal.[5] First, Objectors assert that Applicant's proposed construction required a variance, not merely a special exception, both for the proposed use and because the building addition and new driveway would extend onto a separate adjoining lot. Second, Objectors contend that the Board erred by granting the special exception because Applicant failed to meet the Special Exception Provisions and the Supplemental Provisions in the Zoning Ordinance. Third, Objectors argue that Applicant's current use is not a permitted use in the VC zoning district and that Applicant failed to meet the

---

[5] Where a court of common pleas has not taken additional evidence, this Court's review is limited to determining whether the zoning hearing board has committed an error of law or an abuse of discretion. *Loughran v. Valley View Devs., Inc.*, 145 A.3d 815, 817 n.1 (Pa. Cmwlth. 2016). Where the issues before this Court for review present pure questions of law, however, our standard of review is plenary. *Id.*

applicable standards and criteria of the Zoning Ordinance for expansion of the existing nonconforming use.

### III. Discussion

### A. Variance or Special Exception

### 1. New Driveway

Objectors cogently argue:

> Section 1310.2(D) of the Zoning Ordinance specifically states that in no case will a change, addition or expansion of a non-conforming use be allowed which would result in the diversion of traffic <u>or relocation of a driveway on the site to any point nearer a residential property</u>. []RR [at] 212a[]). This is exactly what the [Applicant] did in this case. []RR [at] 249a[]. [Applicant] put a driveway in on the [second tract] nearest Holli Trivelpiece's home without obtaining a permit or zoning approval. []RR [at] 249a, 250a[]. [Applicant], without zoning approval, expanded a nonconforming use which resulted in the diversion of traffic not only [onto] an adjoining lot, but also [onto] two points on East Rittenhouse Mill Road. []RR 249a, 250a[]. *See also* Zoning Site Plan. []RR 329a[].
>
> A Special exception does not cure these violations of the Zoning Ordinance; a variance is needed for the driveway. Neither the . . . Board, nor the code officer can grant permission for this driveway. It is anticipated that [Applicant] will argue that the industrial use and driveway are not part of this special exception application[;] however, it clearly is. Larry Frace, Borough Zoning Officer testified at the April 20, 2023 hearing that the hearing was for both the use and the request for the extension. []RR [at] 241a[]. In addition, Section 1306.2 of the Zoning Ordinance states that expansions of nonconforming use <u>shall</u> be limited to the same parcel of property on which the nonconforming use is situated as said parcel existed on the effective date of [the Zoning O]rdinance. []RR [at] 209a[]. [Applicant's] proposed

6

addition is being built onto his adjoining parcel, and even though the parcel is also owned by [Applicant], is a clear violation of the Zoning Ordinance in relation to expanding nonconforming uses.

Again, a special exception does not cure this violation of the Zoning Ordinance; a variance is needed for the expansion onto another parcel.

Br. of Appellants at 10-11 (underlining original; italics added). We agree.

Applicant does not dispute that the new driveway, which he initially added to the second tract without seeking a permit, has been placed at a point substantially nearer to Holli Trivelpiece's residential property than the original driveway. *See* RR at 329a (site plan showing placement of new driveway). Therefore, without regard to whether Applicant's two tracts have merged for zoning purposes,[6] the driveway is improperly placed in the absence of a variance.

We also agree with Objectors that the Board's hearing encompassed both the building addition and the driveway. Testimony elicited at the Board hearing addressing the driveway clearly indicated that Objectors were challenging its permissibility under the Zoning Ordinance, and the Board asked specific questions concerning the driveway as well. *See* RR at 236a, 241a, 249a-50a, 254a-56a, 258a, 260a-76a; *see also id.* at 329a (site plan showing gravel driveway on second tract). In light of the Zoning Ordinance's mandatory provision regarding driveway relocations, we must conclude that both the Board and Common Pleas erred in failing to recognize that the driveway violated the Zoning Ordinance in the absence of a variance.

---

[6] The issue of merger is discussed in the next section.

## 2. Merger of Applicant's Two Tracts

Applicant asserts that his proposed expansion of his nonconforming use in the form of an addition to his existing building is less than the 50% size limitation contained in the Zoning Ordinance.[7]  We agree, and indeed, that assertion does not appear to be disputed.  However, there is likewise apparently no dispute that the existing building is confined to the first tract, notwithstanding Applicant's recent unpermitted placement of the new driveway and "shed" on the second tract.  *See* RR at 248a (observation by counsel, not denied by Applicant, that the existing building is on one tract and the proposed addition is on the other); *id.* at 329a (site plan showing existing building on the first tract, the new driveway on the second tract, and the proposed addition almost completely on the second tract).

The Zoning Ordinance is clear in precluding the expansion of a nonconforming use onto a separate adjoining tract of land.  Although Applicant asserts that the second tract has been used for business purposes such as storage of materials, Section 1306.2 of the Zoning Ordinance provides that

> expansions of a nonconforming use shall be limited to the same parcel of property on which the nonconforming use is situated as said parcel existed on the effective date of th[e] Ordinance.  For any nonconforming use not involving a structure, no new structures shall be permitted as part of an expansion.

Zoning Ordinance § 1306.2.  Thus, even assuming that Applicant has previously used some part of the second tract for his business, which Objectors dispute, whether Applicant could expand his ***building*** onto his second tract without a variance

---

[7] Section 1306.3 of the Zoning Ordinance provides that "[a]n expansion of land or structure used for the nonconforming use shall be limited to a total increase not to exceed fifty (50) percent of land and fifty (50) percent of structure beyond what existed on the effective date of th[e] Ordinance . . . ."  Zoning Ordinance § 1306.3.

8

depends on whether the two tracts have remained separate or have merged, as those terms are applied to zoning law.

The Board appears to have assumed that Applicant's two tracts of land were effectively one because they were conveyed to him on the same deed. *See* RR at 248a. Conveyance of two tracts on a single deed, however, does not establish merger. *See In re Jerrehian*, 155 A.3d 674, 687 (Pa. Cmwlth. 2017) (explaining that lots did not merge by reason of conveyance on a single deed). We conclude that, on the record before us here, Applicant failed to establish a merger of the two tracts for purposes of expansion of the nonconforming use.

This Court has explained:

> "[T]he term 'merger' is used to describe the effect of *a zoning ordinance* on the adjoining lots held in common ownership." *Tinicum* [*Twp.*] *v. Jones*, 723 A.2d 1068, 1071 (Pa. Cmwlth. 1998) (citation omitted) (emphasis added). The doctrine of merger does not exist as a matter of common law; it is totally dependent on a merger provision in the relevant zoning ordinance. *Id.*

> "The burden is placed upon the party who asserts a physical merger to establish the landowner's intent to integrate the adjoining lots into one large parcel." *Appeal of Gregor*, . . . 627 A.2d 308, 311 (Pa. Cmwlth. 1993). The proof required "must be grounded upon some overt, unequivocal, physical manifestation of this intent . . . ." [*Twp.*] *of Middletown v. Middletown* [*Twp.*] *Zoning Hearing* [*Bd.*], . . . 548 A.2d 1297, 1299 (Pa. Cmwlth. 1988).

*Jerrehian*, 155 A.3d at 686. In short, "merger is not a matter of common law. For the doctrine to be invoked, there must be a provision in the zoning ordinance that requires a merger of two lots, in common ownership. . . ." *Id.* at 687; *see also Loughran v. Valley View Devs., Inc.*, 145 A.3d 815, 817 (Pa. Cmwlth. 2015) (stating that "the merger of lots doctrine has no application to a nonconforming lot located

9

in a jurisdiction where the zoning ordinance adopted by the local governing body does not contain a merger of lots provision").

Notably, merger provisions in zoning ordinances generally address circumstances involving common ownership of adjoining lots that have individually been rendered nonconforming in *size* – not in *use* – by the subsequent adoption of a zoning ordinance. *See, e.g.*, *Jerrehian*, 155 A.3d at 680 (explaining that "[a] zoning ordinance can provide for a merger of lots where two adjoining lots are owned in common and, thereafter, zoning renders one of the lots nonconforming in size") (citing *In re Puleo*, 729 A.2d 654, 656 (Pa. Cmwlth. 1999)); *Loughran*, 145 A.3d at 821 (observing that many municipalities adopt zoning provisions to address merger "when one of two separate yet contiguous lots held by the same owner has been rendered undersized by the passage of an ordinance requiring a larger lot size than what was previously required . . ."); *Cottone v. Zoning Hearing Bd. of Polk Twp.*, 954 A.2d 1271, 1275 (Pa. Cmwlth. 2008) (stating that "adjoining properties under common ownership can merge when a zoning ordinance provision causes one or more of the adjoining lots to become undersized . . .") (citing *Middletown*, 548 A.2d at 1300).

Here, consistent with the common merger circumstance, Section 1311.2 of the Zoning Ordinance provides: "If a proposed use straddles adjoining nonconforming lots, the lots shall be combined into a single parcel in accord with the requirements of the Briar Creek Borough Subdivision and Land Development Ordinance." Zoning Ordinance § 1311.2. The parties disagree on whether this constitutes a merger provision. On its face, however, this provision plainly applies

only to nonconforming *lots*, not to nonconforming *uses*.[8] Thus, it has no application to the merger issue in this case. We conclude, therefore, that the Zoning Ordinance contains no merger provision that applies to multiple tracts where, as here, a nonconforming use is presently occurring on only one of two tracts. Accordingly, we are constrained to conclude that the first and second tracts here cannot be deemed to have merged for purposes of expanding the existing nonconforming use through an addition to the existing building.

We note additionally that, although Applicant bore the burden of demonstrating merger, our conclusion would be the same regardless of the allocation of the burden of proof regarding merger because the absence of merger here is a legal conclusion dictated by the absence of an applicable merger provision in the Zoning Ordinance. Further, we observe that Applicant offered no evidence of any overt, unequivocal, physical manifestation of an intent to merge the two tracts except the placement of the new driveway and "shed," which do not establish merger; Applicant's alleged use of the second tract for storage or parking was insufficient to support a conclusion of merger. *Cf. Craft Custom Homes, LLC v. Zoning Hearing Bd. of Newtown Twp.* (Pa. Cmwlth., No. 500 C.D. 2023, filed Jan. 29, 2025), slip op. at 18[9] (determining that use of the adjoining lot for a garden and a doghouse was insufficient to establish merger with the tract containing the primary use because the garden and doghouse were not of the character necessary to establish merger under the zoning ordinance, which contemplated structures of "permanent type and

---

[8] Moreover, this provision facially requires that a merger be accomplished pursuant to the applicable subdivision and land development ordinance; it does not indicate that merger is deemed to occur on the basis of any other circumstance. *See* Zoning Ordinance § 1311.2.

[9] This unreported decision is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

11

intensity" such as a garage or a pool); *Riccio v. Newtown Twp. Zoning Hearing Bd.*, 308 A.3d 928, 940-41 (Pa. Cmwlth. 2024) (concluding that placing a trampoline and parking a car on an adjoining lot did not effect a merger); *Tinicum Twp. v. Jones*, 723 A.2d 1068, 1073 (Pa. Cmwlth. 1998) (holding that two lots did not merge where the second lot was used as a lawn area with a picnic table and a child's swing set); *Appeal of Gregor*, 627 A.2d 308, 311 (Pa. Cmwlth. 1993) (holding that use of an adjoining lot as a lawn area, garden, and truck passage was insufficient to establish merger). In addition, we observe that the added driveway and "shed" were not only unpermitted when placed on the second tract, but were recent changes made in anticipation of expanding Applicant's nonconforming use. Applicant cannot use such unpermitted changes to bootstrap his way into the appearance of merger.

Additionally, although authority concerning merger for purposes of expanding a nonconforming *use* is scant, the little caselaw we have found persuasively rejects such merger. In *Pittsburgh Trust v. City of Pittsburgh Zoning Board of Adjustment*, No. S.A. 11-000668, 2011 Pa. Dist. & Cnty. Dec. LEXIS 407 (C.P. Dec. 7, 2011), a common pleas court reversed the portion of a zoning hearing board decision that had allowed expansion of a nonconforming use onto an adjacent tract and the merger of the two tracts for purposes of expanding the nonconforming use. *Id.* at *8-*9. The zoning ordinance at issue there contained a provision that "prohibit[ed] the merger of a lot containing a nonconforming use with an adjacent lot for the purpose of creating a single larger zoning lot and further forb[ade] a nonconforming use from being situated on th[e] single larger zoning lot." *Id.* at *6. Here, as set forth above, Section 1306.2 of the Zoning Ordinance limits a nonconforming use "to the same parcel of property on which the nonconforming use is situated as said parcel existed on the effective date of th[e Zoning] Ordinance

12

. . . ." Zoning Ordinance § 1306.2. We find this provision sufficiently similar to the provision in *Pittsburgh Trust* that the latter offers persuasive authority against merger in the circumstances present in this case.

Consequently, we conclude that Applicant must obtain variances as required by the Zoning Ordinance in order to expand his building, relocate or add a driveway, and retain the new "shed" on the second tract. Both the Board and Common Pleas erred as a matter of law in determining otherwise.

## B. Additional Issues Raised on Appeal

As set forth above, Objectors also contend that Applicant failed to meet the Special Exception Provisions and the Supplemental Provisions in the Zoning Ordinance and that Applicant failed to meet the applicable standards and criteria of the Zoning Ordinance for expansion of the existing nonconforming use. Because of our disposition of the merger issue, however, we do not reach Objectors' alternate arguments.

## IV. Conclusion

Based on the foregoing discussion, the order of Common Pleas is reversed.

_____
CHRISTINE FIZZANO CANNON, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John E. Trivelpiece, Tammy J. Trivelpiece, and Holli Trivelpiece, | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| Briar Creek Borough Zoning Hearing Board | : | |
| | : | |
| v. | : | |
| | : | No. 56 C.D. 2024 |
| Jordan Smith | : | |

**O R D E R**

AND NOW, this 7th day of May, 2026, the order of the Court of Common Pleas of Columbia County dated December 28, 2023 is REVERSED.

 

_____
CHRISTINE FIZZANO CANNON, Judge